OSCAR HAMMERSTEIN, Appellant and Respondent, *v.* EQUITABLE TRUST COMPANY OF NEW YORK, Respondent and Appellant.

Divorce — when transfer of stocks to secure payment of alimony to a divorced wife and her daughters is an executed agreement and cannot be revoked upon death of the wife.

Where a husband, pending an action for divorce, entered into an agreement to pay a certain sum in lieu of alimony and to pay the same sum to his two daughters after the death of his wife, and transferred shares of stock to a trustee to secure the payment thereof, the agreement, so far as such stock is concerned, is executed, and not executory, and he cannot after the wife's death maintain an action for its recovery. (*Bucklin* v. *Bucklin*, 1 Keyes, 141, followed.)

*Hammerstein* v. *Equitable Trust Co.*, 156 App. Div. 644, affirmed.

(Argued October 21, 1913; decided November 18, 1913.)

CROSS-APPEALS, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 22, 1913, which affirmed so much of an interlocutory judgment of Special Term as overruled a demurrer to the first separate defense contained in the answer, and reversed so much of said judgment as overruled a demurrer to the second defense contained therein.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles L. Craig* and *Edward Lauterbach* for plaintiff, appellant and respondent. There is no consideration to create and support any obligation on the part of the plaintiff to maintain his adult and married daughters during their natural lives. (*Popper* v. *Bingham*, 20 Misc. Rep. 173; *Read* v. *French*, 28 N. Y. 285; 20 Ency. Pl. & Pr. 650; *Dunning* v. *Leavitt*, 85 N. Y. 30, 35; *Vrooman* v. *Turner*, 69 N. Y. 280; *Strough* v. *Brown*, 38 Hun, 307; *First Nat. Bank* v. *Chalmers*, 39 Hun, 468; *Parmelee* v. *Thompson*, 45 N. Y. 58; *Pfeiffer* v. *Adler*, 37

N. Y. 164; 6 Am. & Eng. Ency. of Law [2d ed.], 673; *Welch* v. *Graham,* 124 N. Y. Supp. 945; *Wood* v. *Wood,* 61 App. Div. 96.) The stipulation so far as obligatory has been performed and has expired. It is merely executory in its promises to pay money and transfer property. The amusement company stock was pledged merely as security, and every enforceable obligation for which it was at any time held has been fully performed and discharged. The stipulation did not create any trust in favor of the adult married daughters and no right of detention of the stock now exists. (*Gregory* v. *Morris,* 96 U. S. 619; *Kinnan* v. *S. C. Club,* 26 App. Div. 213; *Matter of Newcomb,* 18 N. Y. Supp. 16; *Boardman* v. *L. S. & M. Ry. Co.,* 84 N. Y. 177; *Manning* v. *Q. Mining Co.,* 24 Hun, 360; *Vail* v. *Hamilton,* 85 N. Y. 453; *Richardson* v. *Abendroth,* 43 Barb. 162; *Farwell* v. *I., etc., Nat. Bank,* 90 N. Y. 483; *Markham* v. *Jaudon,* 41 N. Y. 235; *Adderly* v. *Storm,* 6 Hill, 624.) To give the stipulation the effect claimed for it by the defendant is to render its provisions void and contrary to public policy, and, therefore, unavailable as the foundation for any claim or right by the defendant. (*Werner* v. *Werner,* 153 App. Div. 719; *Lake* v. *Lake,* 136 App. Div. 47; *Speck* v. *Dansman,* 7 Mo. App. 165; *Trust Co.* v. *Nash,* 56 Misc. Rep. 295; *Taylor* v. *Taylor,* 32 Misc. Rep. 312; *France* v. *France,* 79 App. Div. 291; *Train* v. *Davidson,* 20 App. Div. 577.)

*Edward W. Hatch* for defendant, respondent and appellant. The stipulation of May 3, 1911, created a valid irrevocable trust in favor of Rose Hammerstein Tostevin and Stella Viola Hammerstein, and a special property in the certificates of stock in the Trust Company of America, as trustee. (*Brown* v. *Spohr,* 18 N. Y. 201; *Martin* v. *Funk,* 75 N. Y. 134; *Day* v. *Roth,* 18 N. Y. 448; *Barry* v. *Lambert,* 98 N. Y. 300; *Cochrane* v. *Schell,* 140 N. Y. 516; *Hirsh* v. *Auer,* 146 N. Y. 13; Perry on

Trusts, § 98; Fowler's Personal Property Law, 37; Chaplin on Express Trusts & Powers, 307; *Gilman* v. *Reddington,* 24 N. Y. 9; *Gilman* v. *McArdle,* 99 N. Y. 451; *Matter of Wilkins,* 183 N. Y. 104, 108; *Kelley* v. *Snow,* 185 Mass. 288.) The stipulation is not contrary to public policy, or illegal or void for any reason, and the facts averred in the first affirmative defense to which the demurrer was interposed constitute a complete defense to the cause of action. (*Galucia* v. *Galucia,* 116 N. Y. 635; *Levy* v. *Levy,* 149 App. Div. 561; *Werner* v. *Werner,* 153 App. Div. 719; *Henry* v. *Allen,* 77 Hun, 49; *Vincent* v. *Moriarity,* 31 App. Div. 484.)

CULLEN, Ch. J. In May, 1911, Malvina Hammerstein, the wife of the plaintiff, was prosecuting an action against him for divorce, and at said time this plaintiff, his wife and the Trust Company of America entered into an agreement by which, in lieu of alimony, the plaintiff agreed to pay his wife the sum of two hundred dollars a week, and after her death to pay to each of his two daughters one hundred dollars a week during their respective lives. As security for such payments he assigned, transferred and delivered to the trust company certain shares of the Hammerstein Amusement Company "absolutely and forever, in trust nevertheless, and for the use and purpose as follows, that is to say: that said shares of stock shall be held by said party of the third part as security for the faithful performance by the party of the first part of the covenants herein contained on his part to be performed; and if the party of the first part shall make default in the payment to the party of the third part of any of the sums hereinabove provided to be paid by the said party of the first part to the party of the third part, * * * or shall in any manner whatsoever fail in the performance of any of the covenants of this indenture on his part to be kept or performed, that then and in that event it shall and may thereupon, or at

any time thereafter, be lawful for the party of the third part, in its discretion, to sell such shares of stock at public or private sale without notice to the party of the first part," and out of the proceeds to pay any installment in default, the residue to be invested and the income and such part of the principal as may be necessary to be applied to payments subsequently falling due. The other details of the agreement it is unnecessary to consider.

The decree of divorce was granted and the certificates of stock indorsed and delivered to the trust company. The plaintiff made the stipulated payments during the life of the wife. The two daughters were adults at the time of the making of the agreement. The defendant is the successor by merger of the Trust Company of America. After the death of the wife the plaintiff refused to make the prescribed payments to his daughters and brought this suit in replevin to recover the certificates of stock.

The contention on behalf of the plaintiff is that as he was under no obligation to support the daughters, his promise to make payments to them was a voluntary executory agreement without consideration to support it, enforceable neither at law nor in equity; that the transfer of the stock was a mere pledge to secure a void promise, and that, therefore, the right to hold the stock fell with the fall of the principal obligation. It may be assumed that so far as the agreement purports to impose a personal obligation upon the plaintiff to make the specified payments, it is executory and not enforceable, but it does not follow that it is not effective so far as the stock was transfered to the defendant in pursuance of it. In that respect the agreement is executed, not executory, and I think the decision of this court in *Bucklin* v. *Bucklin* (1 Keyes, 141) is a controlling authority to that effect. In that case an action in chancery was pending — wife against husband — for a separation. The husband executed a mortgage reciting that he had

agreed to make suitable provision for his wife and infant daughter separate and apart from himself, and also agreed to transfer to the daughter real estate of the value of $1,000, and thereby conveyed certain lands to a trustee as security for the performance of his agreement. He made the payments to the wife as long as he lived, but failed to convey any real estate to his daughter. On her mother's death the daughter sought to foreclose the mortgage and her right to do so was upheld. The case is not distinguishable in principle from that before us. That the child was an infant was conceded to be insufficient to support the promise, and the agreement made other provision for her support. It is true that the court laid hold of the old common-law view that a mortgage is a conditional conveyance of the land to uphold its validity, but it was conceded that in this state a mortgage is deemed merely a lien on the land. In the case before us the agreement purports not to pledge the stock, but to transfer in trust. Doubtless in the case cited the instrument would have been considered merely a lien for all purposes but one, that is, to uphold it, and here probably the form of the transfer would be disregarded and the transaction deemed a pledge for all purposes, with, however, the same exception. Whether the doctrine of the *Bucklin* case would be extended to all cases of mortgages or transfers of personal property as security for the performance of voluntary executory agreements need not now be decided. The *Bucklin* case does control where the transaction is between parent and child.

The wife and mother in this case desired to secure the interests of her own brood. She was willing to accept the stipulated support for herself with the additional provision in favor of her children. It may be that without that provision she would have asked for and received at the hands of the court a greater allowance. The plaintiff voluntarily made his bargain with her. I do not think that there is any such equity in the plaintiff's

28

claims as would require or justify us in overruling a decision of this court in exact point.

There is nothing in the second separate defense pleaded in the answer.

The order of the Appellate Division should be affirmed, with costs, the first question certified answered in the affirmative and the second in the negative.

GRAY, WERNER, COLLIN, CUDDEBACK, HOGAN and MILLER, JJ., concur.

Order affirmed.