ORTHUD B. T. FLOOD, Respondent, *v.* THEODORE H. THIESING, Appellant, et al., Defendants.

First Department, April 26, 1948.

*William F. McNulty* of counsel (*Jaffe and McNulty,* attorneys), for appellant.

*Eli H. Bronstein* of counsel (*George F. Händel,* attorney), for respondent.

*Edmund Ruffin Beckwith,* defendant in person.

*Per Curiam.* By stipulation the judgment roll of the Nevada action between the same parties has been made part of the record here. It is also conceded that the agreement referred to in plaintiff's complaint in the Nevada action and in the court's decree is the identical agreement upon which plaintiff sues here. In her complaint for divorce in Nevada the plaintiff alleged: "All property and support questions have been settled out of court by an agreement in writing, whereby the plaintiff agrees to accept the settlement therein made as full satisfaction of her claim for alimony and maintenance. Plaintiff asks that the court make no orders concerning the matters covered by said agreement."

In compliance with the request contained in this allegation, the Nevada court in granting plaintiff an absolute divorce made no orders concerning the matters embraced within the agreement. It merely found that all property and support questions had been settled out of court between the parties.

The estoppel of the judgment of the Nevada court extends to any material matter within the issues which was expressly litigated and determined and also to those matters which might have been litigated therein (*Goebel* v. *Iffla,* 111 N. Y. 170, 177; *Pray* v. *Hegeman,* 98 N. Y. 351, 358; *Stewart* v. *Stewart,* 198 App. Div. 337, 339; *Field* v. *Chronik,* 190 App. Div. 501, 504). However, where, as here, plaintiff specifically asked '' that the court make no orders concerning the matters covered by said agreement '', defendant it would seem was not then obliged to contest any issue concerning it in the Nevada court nor would the court make any determination upon an issue which was not tendered in that litigation. Upon the pleadings here, it cannot be said that as a matter of law defendant is estopped from attacking the separation agreement. The motion by plaintiff for judgment on the pleadings should not have been granted. The order and the judgment accordingly should be reversed, with costs, and the motion denied.

PECK, P. J. (dissenting). It is questionable whether the allegations of the defenses, counterclaim and cross-complaint are sufficient to establish that the challenged agreement was conducive to a divorce and violative of section 51 of the Domestic Relations Law, as interpreted by the decisions (*Butler* v. *Marcus,* 264 N. Y. 519; *Matter of Rhinelander,* 290 N. Y. 31; *Yates* v. *Yates,* 183 Misc. 934, 939). Giving the pleading the benefit of any possible doubt, however, it would be better to permit the defendant to go to trial if there were no more support for the agreement than the agreement itself as of the time when it was made.

We find here, however, that the agreement was for all intents and purposes carried into the divorce decree, although not incorporated with the usual wording. The agreement itself provides that it may be embodied in any decree of divorce which shall be rendered and that such decree shall not otherwise provide for alimony or support and that if not so embodied it shall nonetheless survive and be forever binding and conclusive on the parties. The complaint in the divorce proceeding did not ask for the incorporation of the agreement in the decree as an order of the court, but neither did the complaint ignore the agreement or plaintiff's right to alimony and support. The complaint alleged that all property and support questions had been settled out of court by an agreement in writing whereby the plaintiff agreed to accept the settlement therein made as full satisfaction of her claim for alimony and maintenance, and

that plaintiff asked the court to make no order concerning the matters covered by the agreement. The defendant's answer admitted those allegations. The decree of the court granting the divorce included in its findings of fact and conclusions of law the following recital: " All property and support questions have been settled out of court by an agreement in writing, whereby the plaintiff agrees to accept the settlement therein made as full satisfaction of her claim for alimony and maintenance ". Then, in what is described as the " Judgment and Decree ", it is " Ordered, Adjudged and Decreed ": " 2. That all property and support questions have been settled out of court by an agreement in writing, whereby the plaintiff agrees to accept the settlement therein made as full satisfaction of her claim for alimony and maintenance."

The recitals in the findings, conclusions and decree should not be dismissed as idle. True, no issue as to alimony was tendered and defendant was not obligated to contest the issue. But that was because the parties had agreed upon the matter and mutually tendered their agreement to the court in lieu of seeking a court determination. It was the same as if the parties had stipulated in open court. Except for their stipulation resolving the matter, the court would have passed upon it. Instead, the court accepted the stipulation of the parties and that fact was incorporated in the decree.

Had the decree simply employed the slight change of language, " incorporating " the stipulation by reference, there would be no question of its binding effect. It would have been as binding as the decree itself, about which there is no question. As it is, reference was made in the decree to the stipulation as the agreement of the parties in full satisfaction of plaintiff's claim for alimony and maintenance. The difference is the merest formality.

As the majority opinion notes, a decree adjudicates all matters which might have been litigated as well as all matters which were litigated. Certainly the matter of alimony might have been litigated and would have been litigated except for the agreement of the parties which, under the circumstances, should be given the same force as a determination by litigation. The case is not the same as if nothing had been said about alimony or an agreement in the pleadings and the matter had been ignored both in the proceedings and the decree. Defendant could rest on the position in such case that no issue was tendered and no duty devolved upon him to contest. He cannot so rest here. The way the matter was presented to the court

in the divorce proceedings imposed a duty upon him to challenge the agreement then and there if he was ever to challenge it. His answer admitted the agreement. He knew that upon the strength of the pleading, not merely the agreement, the plaintiff and the court would rely. I see no difference whatever between what was done here and what would have been the case had plaintiff asked for alimony and the parties had then agreed in lieu of having a contest and determination. I would say that the agreement here, adopted in the pleadings and accepted by the court in the decree, has the same force and effect as any other adjudication in the decree, and if it does not have that effect as a matter of law, defendant should be estopped from challenging it.

The order appealed from should be affirmed.

DORE, COHN and VAN VOORHIS, JJ., concur in *Per Curiam* opinion; PECK, P. J., dissents in opinion in which GLENNON, J., concurs.

Order and judgment reversed, with costs to the appellant and motion denied. [See 274 App. Div. 763.]