CHARLES GOODMAN, Appellant, *v.* BERTHA GOODMAN, Respondent, et al., Defendants.

First Department, October 18, 1948.

*Harry M. Nieman* for appellant.
*Joseph Ferber* for respondent.

VAN VOORHIS, J. Appellant and respondent, who had been married, entered into an agreement reciting that the parties were living separate and apart, and that the wife had instituted an action for annulment in the New York State Supreme Court. This agreement contained the following provision: " The Husband agrees to pay to the Wife the sum of Five Thousand ($5,000) Dollars as soon as there shall have been entered in the aforesaid action of annulment a final decree of annulment in favor of the Wife * * *."

It further provided that on the signing of said agreement the husband would deposit with his attorney, the defendant Samuel Bierman herein, " the said sum of Five Thousand ($5,000) Dollars to be held by him in escrow pending the determination of the aforesaid action ", upon the termination of which in favor of the wife the said $5,000 would be paid to her.

An interlocutory decree of annulment was entered upon the husband's default on March 22, 1946, in the New York County Clerk's Office, which became final three months later. Thereafter plaintiff made a motion at Special Term to vacate the said judgment of annulment on the ground that it had been obtained by fraud, which motion was denied and no appeal taken.

The amended complaint herein originally contained two causes of action, the first of which charged that the husband agreed to pay said $5,000 to the wife in consequence of her fraud in over-persuading him that she could obtain much more than that sum in the form of alimony by suing him in an action for separation. That cause of action has been stricken out by a previous Special Term order which was affirmed by this court (272 App. Div. 1006). The second cause of action is the one with which we are now concerned. It alleges that said agreement is illegal. The charge of illegality is that by this agreement " plaintiff agreed to give the defendant, Bertha Goodman, an annulment or a divorce, and in addition thereto, the sum of $5,000.00."

Special Term, in dismissing the complaint and confirming the wife's right to retain this $5,000, stated: " The present action is in effect an attempt to circumvent the decree of annulment and the order of Mr. Justice WALTER denying the motion to vacate it. The decree and order amount to a determination of the validity of the agreement under which the $5,000 was deposited in escrow. Plaintiff, therefore, should not be permitted to avoid the obligations he assumed under the agreement."

Special Term correctly held that the judgment of annulment is res judicata upon the question of the wife's right to an annulment. It is conclusive that grounds for annulment existed,

and the plaintiff cannot now be heard to contend again that said judgment was obtained by fraud. Nevertheless, although the agreement was brought to the attention of the court in the annulment suit, and its existence was recited in the findings, it was not adjudicated nor incorporated in the decree, and can still be attacked for illegality, provided that it is subject to that infirmity (*Flood* v. *Thiesing,* 273 App. Div. 548; *Yates* v. *Yates,* 183 Misc. 934, 941 and cases cited).

Notwithstanding that the point was not decided in the annulment suit, we have reached the conclusion that this agreement is not infected with illegality. Since the annulment decree is conclusive that there were grounds for annulment, we must assume that the annulment action was brought in good faith, in which event it was permissible for the parties to make a reasonable property settlement to relieve the court of the duty of fixing an amount of alimony by reasonable agreement contingent upon the result (*Hammerstein* v. *Equitable Trust Co.,* 156 App. Div. 644, 649, affd. 209 N. Y. 429; *Yates* v. *Yates,* 183 Misc. 934, 938–941, *supra*). It cannot be held that the $5,000 which this husband agreed to pay to this wife in lieu of support in event of her obtaining an annulment decree was unreasonable in amount. It was not established, therefore, that plaintiff's promise to pay that amount to her in lieu of support, in event that she obtained an annulment, had a tendency to bring about an annulment which would not otherwise have occurred. This conclusion is reinforced by the plaintiff's own statements in this record that it was the defendant herself who wanted the marriage annulled in order that she might be free to marry another man, which she had since done. That rebuts any inference, even if it could otherwise be drawn, that it was primarily the husband who wanted this annulment, and that he was paying money to her in violation of public policy to induce her to procure it.

We have considered the contention of plaintiff that the agreement is void as having been made while the parties were still cohabiting as husband and wife, and find it to be without foundation.

The orders appealed from should be affirmed, with costs.

PECK, P. J., GLENNON and CALLAHAN, JJ., concur; DORE, J., concurs in result.

Orders affrmed, with $20 costs and disbursements.