Van Voorhis, J.
(dissenting). Plaintiff has been defeated in her suit against her former husband to recover an arrearage under their separation agreement, which was entered into prior to a Virgin Islands divorce. His income averaged $23,200 per year. She was to receive $5,500 annually in monthly installments of $458.33, except that the amount which she was to receive was to be reduced to not less than $3,600 per annum if the husband’s annual income from trust funds were to fall below $10,000. They had been married for about 12 years. The Virgin Islands divorce decree did not incorporate the. agreement, but directed the payment of alimony in an equivalent amount which was later reduced.
*368 Both sides concede and assert that the breach between the parties was irrevocable. Their circumstances were such as would be likely to lead to a divorce, which was in contemplation by each of them at the time when the separation agreement was negotiated and signed.
We are at a loss to understand how the public policy of the State will be promoted by relieving defendant from his obligations under this agreement which he signed, and by denying to his former wife recovery thereon. There is no evidence that the value of the rights secured to her by this agreement was out of proportion to what a divorce court would normally direct to be paid for her support, or that it was not a fair equivalent of his legal obligation to support his wife at the time when it was made. Under such circumstances, as matter of law, it cannot correctly be held that this separation agreement constituted a ‘ ‘ contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife ’ ’ as provided by section 51 of the Domestic Relations Lav/. On the contrary, it was entered into in order to satisfy his liability to support his wife. Nothing in this agreement purports to require either of the parties to obtain a divorce from the other. It is not even conditioned on divorce, even though we have held, in effect, that such a condition would not invalidate it (Butler v. Marcus, 264 N. Y. 519). A separation agreement may be invalid, to be sure, which is conditioned on the obtaining of a divorce by the wife and which gives her so much more in value than her just deserts, as they would normally be appraised by a matrimonial court, as to constitute an inducement to obtain the divorce (Schley v. Andrews, 225 N. Y. 110; Murthey v. Murthey, 287 N. Y. 740). There is no evidence that this is that sort of situation. Upon the contrary, nobody contends that this agreement caused the dissolution of this marriage, or that it provides excessive benefits for the wife or was entered into for any other reason than to provide suitably for her support. Public policy is not served by compelling estranged marriage partners to contest in court every detail of their marital differences. There is usually bitterness enough as it is. One may think that public policy would be advanced by minimizing the bitterness rather than by increasing it. These people tried to adjust the financial details of an impending divorce which was already inevitable in *369 a peaceful, sensible and civilized manner. He was already-paying her $400 a month for support on a temporary basis, and it is difficult to understand how it vitiated the agreement that this was increased as a result of negotiations to $458.33 a month, even if it be true, as the husband’s lawyer testified after the wife’s lawyer was dead, that her lawyer said that she would not get the divorce unless this slight increase was made in the separation agreement to be signed. There was nothing sinister in the payment of the entirely reasonable amount of $1,500 to cover the counsel fee of the wife, nor, as it seems to us, should it make any difference that he likewise paid the sum of $600 to defray her expenses in going to the Virgin Islands and taking up a residence there. Stress has been laid upon the testimony of the husband’s lawyer, which has thus far successfully enabled his client to escape his contractual obligation, that her going to the Virgin Islands for the purpose of obtaining the divorce “ was a condition of the execution of this agreement.” The fact that they itemized these payments in this manner, instead of concealing them under some other heading, does not offend public policy. Indeed, it was commendable that they were straightforward about it. There is no evidence of overreaching on either side. This divorce was not in any sense being bought. The circumstance that there was some jockeying in the negotiations over the amount to be paid and that, in this context, the lawyer for the wife said that she would not go to the Virgin Islands unless he dealt with her on an entirely reasonable basis, implying presumably that the divorce would have to be obtained in some other manner at greater inconvenience to him, has no tendency to indicate that this separation agreement was the procuring cause of the divorce or that it provided more in value for her than would ordinarily be done in court.
Agreements providing fully as generously for the wife were upheld in Matter of Rhinelander (290 N. Y. 31), Butler v. Marcus (264 N Y. 519, supra), and Yates v. Yates (183 Misc. 934). The decisive factor should not be the mere form of the transaction but the substance of it. If the wife is given substantially more than the equivalent to what she could obtain in court as inducement to bring an action for divorce, then, under the rule in Schley v. Andrews (supra) and similar cases, the *370 agreement, is null and void. Here there is no such question. The amount provided was well within reasonable limits, nor should it make any difference that her expenses of going to the-Virgin Islands were defrayed by the husband. Public policy gains nothing from circumlocution in such matters. It is obvious that these items were not what brought about the divorce and the law has no object- in making details such as these complicated or subterranean, unless they have a manifest tendency to promote divorces that would not otherwise occur.
As has been stated, conditioning a separation agreement or divorce does not render it per se illegal (Butler v. Marcus, supra; Werner v. Werner, 153 App. Div. 719, approved in Hammerstein v. Equitable Trust Co., 156 App. Div. 644, 649-650, affd. 209 N. Y. 429; Hamlin v. Hamlin, 224 App. Div. 168-170; Kunker v. Kunker, 230 App. Div. 641-643).
The order appealed. from should be reversed and plaintiff allowed to recover the arrearage under the separation agreement, including reasonable attorney’s fees as therein provided.
Chief Judge Desmond and Judges Dye and Scileppi concur with Judge Burke; Judge Van Voorhis dissents in a separate opinion in which Judges Fuld and Bergan concur.
Order affirmed.