DOROTHY MCALPIN BELL, Plaintiff, *v.* ALFRED D. BELL, Defendant.

Supreme Court, Trial Term, New York County, June 29, 1939.

*Maclay & Williams*, for the plaintiff.

*Martin Taylor* [*John Collins* of counsel], for the defendant.

LEVY, J. The parties entered into a separation agreement containing the following provision:

" *Thirteenth.* If at any time either of the parties to this agreement should obtain a divorce or legal separation from the other, this agreement shall still remain in full force and effect unless mutually modified or cancelled by the parties hereto, and this

agreement may be incorporated in any decree of divorce or separation made by any court of competent jurisdiction."

Thereafter the plaintiff obtained a foreign decree of divorce against the defendant. The judgment incorporated many of the provisions of the separation agreement, but failed to adopt it or refer to it in any way. The present action based upon the agreement is brought to recover arrears. Defendant contends that the decree of divorce has superseded and nullified the agreement.

In *Galusha* v. *Galusha* (116 N. Y. 635) the divorce decree contained a provision for alimony and made no reference to the existing separation agreement. The defendant there sought such a modification of the judgment as would terminate the force and legal effect of the separation agreement. In holding that the agreement was valid and survived the divorce, the Court of Appeals said (p. 643):

" After its making it was not in the power of either party, acting alone and against the will of the other, to do an act which would destroy or affect that contract. The act of adultery did not of itself subvert the marriage contract. * * *

" Neither did the act of the wife in availing herself of the husband's wrong to free herself from matrimonial bonds effect the separation agreement."

The fact that the court acquires jurisdiction and makes provision in its decree for the support of the wife does not necessarily preclude recovery on the contract. Thus in *Schnitzer* v. *Buerger* (237 App. Div. 622) the court said: " The power intrusted to the courts by sections 1155 and 1170 of the Civil Practice Act [to modify alimony provisions of divorce judgments] exists none the less where such a direction follows the agreement between the parties * * * [citing cases]. On the other hand, manifestly, no power resides in the court to alter a valid agreement as between the parties who made it and who may declare upon it for relief as upon any other contract."

In *Levy* v. *Levy* (149 App. Div. 561) the divorce decree and the separation agreement contained similar provisions. The latter also provided that it should survive divorce. The husband sought to modify the decree upon the basis of changed circumstances. While the court affirmed its jurisdiction to modify its decree, yet it likewise declared that the rights and remedies of the parties upon the contract were preserved:

" In this case the promise to pay the wife $300 a month was unconditional. The provision that in the event of a decree of divorce, a provision should be inserted allowing the plaintiff alimony at the rate of $300 a month did not modify the unconditional agreement to pay that sum in any event. * * *

" Of course, the contract did not have the effect of depriving the court of jurisdiction. The question is whether the court in the exercise of its jurisdiction will ignore a valid contract, fixing the amount which the wife is to have for her support. It may be granted that the contract obligation cannot be enforced by contempt proceedings, whereas the decree of the court may be. * * * While the court doubtless has jurisdiction to modify its decree and to leave the parties to the enforcement of their contract rights by action, we do not think the evidence in this case sufficient to justify such action."

Consequently, the inclusion of such provisions in the decree obtained by plaintiff does not waive the contract, nor is it thus " mutually modified or canceled by the parties."

The defendant relies on *Stewart* v. *Stewart* (198 App. Div. 337) in support of the proposition that the agreement is superseded. That action was brought to recover unpaid installments under a Nevada decree. From the facts recited in the opinion, it appears that there had been a separation agreement under which the parties were living separate and apart for five years. The wife then determined to obtain a decree of divorce from her husband in a foreign jurisdiction and " thereupon an agreement was entered into between the parties providing for the payment of the expenses, disbursements and counsel fee of the plaintiff in such action, and making an elaborate provision for the terms and conditions to be embodied in the final decree or judgment to be entered therein, concerning the payment of alimony."

The final judgment did not in fact embody all the terms of that agreement. Upon that ground the defendant sought by counterclaim to restrain the enforcement of the decree. The court held that the agreement could not be taken into consideration and relegated the defendant to relief by application to the Nevada court.

Obviously, that agreement was not intended to survive the decree, nor to be the basis of any rights or remedies beyond its entry. It was no more than a preliminary negotiation intended to be merged in and substituted by the judgment to be obtained in the contemplated action. It is, therefore, not controlling upon the issues in this case.

Judgment is accordingly awarded to the plaintiff for the relief demanded in the amended complaint.