JOSEPHINE W. CHESTER, Plaintiff, *v.* CLIFFORD G. CHESTER, Defendant.

Supreme Court, Special Term, New York County, June 29, 1939.

*Dorothy Frooks & Everett Frooks,* for the plaintiff.

*Saul Gordon,* for the defendant.

LEVY, J.   The complaint to which the present motion for summary judgment is addressed is predicated upon provisions of a separation agreement which is no longer in existence, having been merged in the foreign decree in which the agreement has been incorporated.   (*Babcock* v. *Babcock,* 147 Misc. 900; affd., 239 App. Div. 884; appeal dismissed, 263 N. Y. 665; *Fales* v. *Fales,* 160 Misc. 799; affd., 250 App. Div. 751.)   The contract contained no reservation indicating an intent that it should survive the dissolution of the marriage by divorce.   (*Kunker* v. *Kunker,* 230 App. Div. 641.)   In that respect it differs from the situation presented in *Bell* v. *Bell* (171 Misc. 605), herewith decided.   It follows that

the causes of action set forth in the complaint are without merit in law.

In an endeavor to defeat the motion for summary judgment dismissing the complaint plaintiff has amended the pleading. However, the only substantial amendment consists in the addition of a cause of action based upon the foreign decree. That cause does not seek a money judgment for arrears of alimony but rather an equitable decree requiring the defendant to deposit policies of insurance with a custodian. As the foreign decree of divorce was not obtained upon the ground of adultery, it may be enforced in this State only to the extent that a money judgment for arrears of alimony is sought. No equitable relief may be granted even if the foreign decree specifically provides for it. (*Miller* v. *Miller*, 219 App. Div. 61; affd., 246 N. Y. 636.) In the cited case the Nevada decree contained a provision awarding the plaintiff forty-nine shares of stock of the Sol Mill Realty Company and the relief sought in the action brought in this State included a demand "that the court award to the plaintiff forty-nine shares of stock of the Sol Mill Realty Company." The court at Special Term denied plaintiff judgment for the forty-nine shares of stock and plaintiff appealed " from so much of the judgment entered on such order as refuses her the relief denied by the said order." The Appellate Division held that plaintiff was entitled only to a common law money judgment for the amount of the arrears and no other relief, and the judgment appealed from was modified accordingly. Consequently, it is clear that the amended complaint differs from the original complaint only in that it adds a cause of action which is unenforcible. Thus there appears to be no good reason for denying defendant's motion for summary judgment dismissing the complaint. No recovery may be had on any of the causes of action set forth either in the original or in the amended complaint. A plaintiff should not be permitted to defeat a motion for judgment by the mere device of serving an amended complaint any more than a defendant may defeat a motion for summary judgment against him by serving an amended answer. (See *Gordon Corp.* v. *Cosman*, 232 App. Div. 280.) The situation would, of course, be different if the cause of action added by the amendment possessed merit.

The motion for summary judgment dismissing the complaint is granted. Settle order.