BETTY L. SCHMELZEL, Respondent, *v.* CLARENCE SCHMELZEL, Appellant. (Appeal No. 1.)

Argued October 7, 1941; decided November 27, 1941.

*J. Fearon Brown* for appellant. The final judgment in the action did not terminate the separation agreement. (*Goldman* v. *Goldman*, 282 N. Y. 296.) The judgment expressly confirmed the separation agreement and the only

legal effect of the judgment was to make the statutory remedies of enforcement available to the wife. (*Wimpfheimer* v. *Wimpfheimer*, 262 App. Div. 304.) Only a mutual act of the parties based upon mutual intention, or impeachment for some cause recognized by law, could terminate the separation agreement. (*Goldman* v. *Goldman*, 282 N. Y. 296; *Galusha* v. *Galusha*, 116 N. Y. 635; 138 N. Y. 272.) There is no basis for holding that the defendant had abandoned the agreement or that he had acquiesced in the plaintiff's attempt to repudiate it. (*Woods* v. *Bard*, 285 N. Y. 11.)

*Sidney M. Wittner* for respondent. The separation agreement was breached and terminated by both parties. Hence the court had the power to fix alimony. But, in any event, the court had the power to modify its own decree and to increase the alimony for inadequacy. (*Faye* v. *Faye*, 226 N. Y. Supp. 793; *Levy* v. *Levy*, 133 N. Y. Supp. 1084; *Kunker* v. *Kunker*, 230 App. Div. 641; *Staehr* v. *Staehr*, 237 App. Div. 843; *Schnitzer* v. *Buerger*, 237 App. Div. 622; *Goldman* v. *Goldman*, 282 N. Y. 296; *Worthington* v. *Worthington*, 224 Ala. 237; *O'Brien* v. *O'Brien*, 252 App. Div. 427; *Pinkus* v. *Pinkus*, 230 App. Div. 791; *Breiterman* v. *Breiterman*, 239 App. Div. 709; *Rosenblatt* v. *Rosenblatt*, 209 App. Div. 373; *Powers* v. *Powers*, 33 App. Div. 126; *Benesch* v. *Benesch*, 182 App. Div. 221; *Braunworth* v. *Braunworth*, 260 App. Div. 113; *Fales* v. *Fales*, 160 Misc. Rep. 799; 250 App. Div. 751; *Tirrell* v. *Tirrell*, 232 N. Y. 224.)

FINCH, J. The question presented for determination upon this appeal concerns the validity of a separation agreement between the parties to a marriage. There is no issue of fraud or public interest involved.

The parties were married in 1921 and have no children. In 1937 they entered into a separation agreement, which provided for a separation and also provided that the husband would pay $250 a month for the support of the wife as well as a small cash payment and a transfer of certain

real property to her. The agreement also contained a clause that the terms thereof should be incorporated in any judgment in any action between them wherein provision was made for the support of the wife. Thus the separation agreement expressly contemplated a suit for separation in the future. In the same year the wife brought such an action for a separation to be decreed by the court on the grounds of abandonment and cruel and inhuman treatment, and also that the separation agreement be set aside for the reason that it was obtained under fraud and duress. If the separation agreement were set aside, she further prayed that the court make proper provision for her support and for counsel fees. The defendant has duly performed all the terms of the separation agreement.

The trial justice entered a decree granting plaintiff her legal separation, found that the separation agreement was entered into by plaintiff after adequate representation by counsel and without any element of fraud or duress and ordered defendant to pay the sum of $250 a month as provided in the separation agreement, acquitted defendant from any liability for bills incurred by the wife since the date of said agreement, and ordered that, as long as defendant continued to make the monthly payment of $250, he should not be liable for any debts contracted by the wife. It was further ordered that the monthly payments made should be in lieu of any right of dower in any real estate which the husband might be seized subsequent to the date of the separation agreement, and that the parties should in all respects comply with all the provisions of the separation agreement. There has been no appeal taken from this judgment.

The financial situation of the defendant husband having improved, the plaintiff, on November 20, 1940, two and one-half years after the separation decree, made a motion in the action for an order to increase the alimony. (Civ. Prac. Act, § 1170.) Plaintiff also asked for counsel fees. This motion was granted, the alimony increased from $250 to $350 a month and $250 allowed for counsel fees. The

learned justice at Special Term thus increased the alimony and awarded the counsel fee in disregard of the terms of the existing agreement, for the reason, as stated in his opinion, that "Such increase appears to be justified by the change in the circumstances of the parties, and by defendant's statements as to his income." The Appellate Division unanimously affirmed the order of Special Term and the appeal is here by leave of this court.

A case is, therefore, presented where a valid existing agreement made after proper representation by counsel and without any element of fraud or duress is incorporated into a decree awarding plaintiff a legal separation and is confirmed in every respect. Moreover, no public interest is involved, and the court is not asked to disregard the agreement on the ground that the support provided for therein is inadequate and, therefore, the plaintiff may become a public charge. (See *Kyff* v. *Kyff*, 286 N. Y. 71.) Nevertheless, the agreement has been held abrogated and no longer binding.

The situation in the case at bar is not the same as that presented where the parties have voluntarily abandoned the separation agreement and by consent have invoked the power of the court to decide the issue of the amount of support wholly apart from the separation agreement. In such a case we have held that either the plaintiff or the defendant may invoke thereafter the power of the court conferred by statute (Civ. Prac. Act, § 1170) to modify its directions, for "the effect of the statute is to write a reservation into every final judgment of divorce." (*Fox* v. *Fox*, 263 N. Y. 68, 70.)

In the case at bar the final judgment of separation did not terminate the separation agreement, but as in the case of *Goldman* v. *Goldman* (282 N. Y. 296) the judgment entered incorporated the terms of the separation agreement, which included fixing the amount of alimony for the support of the wife. Such incorporation was made pursuant to an express provision of the separation agreement. In such event, as the court pointed out in the *Goldman* case,

" the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation " and " the plaintiff may still resort to the usual remedies for breach of a contractual obligation if there has been such a breach," since " so long as the contract remains unimpeached, the court will not compel the husband to pay to the wife for her support a sum greater than the wife agreed to accept, at least where such sum is not plainly insufficient." (*Goldman* v. *Goldman, supra,* pp. 301, 305.) The decision in the *Goldman* case reaffirmed the rule as announced in the cases of *Galusha* v. *Galusha* (116 N. Y. 635; 138 N. Y. 272, 274) that a decree or a subsequent order in a matrimonial action does not destroy the agreement or deprive the parties of their rights thereunder.

In the action for separation in the case at bar the plaintiff prayed that the separation agreement be set aside on the ground that it was obtained under fraud and duress. The separation decree herein, however, adjudged that the separation agreement was entered into by plaintiff after proper and adequate representation by counsel and without any element of fraud or duress and expressly confirmed the separation agreement. As was pointed out in the *Goldman* case, only a mutual act of the parties based upon mutual intention, or some other cause recognized by law, could terminate this valid separation agreement. " Such agreements, lawful when made, will be enforced like other agreements unless impeached or challenged for some cause recognized by law. It is not in the power of either party acting alone and against the will of the other to destroy or change the agreement." (*Goldman* v. *Goldman, supra,* p. 300; *Galusha* v. *Galusha,* 116 N. Y. 635; *Galusha* v. *Galusha,* 138 N. Y. 272.)

In the case at bar no evidence appears showing that the defendant has repudiated the agreement or in any way has acquiesced in the attempt of the plaintiff to repudiate the agreement. On the contrary, every act of the defendant shows reliance upon the separation agreement. Thus the defendant in his answer in the separation action pleaded

the separation agreement and prayed for an affirmative judgment restraining the plaintiff from violating the terms and conditions of the separation agreement. Also, after the trial of the separation action, counsel for defendant drew and entered the decree which, as heretofore shown, expressly sustained the agreement rather than invalidated it, as prayed in plaintiff's complaint.

The plaintiff argues upon this appeal that the failure of the defendant to appeal from this separation decree constituted an acquiescence by the defendant in the wife's attempted repudiation of the agreement. The parties in making the agreement contemplated that the separation action would not constitute a violation of the agreement but that a legal decree of separation would not be inconsistent with the terms of the separation agreement. In such a case the amount of alimony to be paid for the support of the wife is just one of several issues presented for decision by the court. Thus, where the husband has succeeded in having the agreement incorporated into the decree, he is satisfied with the decision of the court upon that issue and has no reason for appeal.

It follows that in the case at bar, where it appears that the attempt by the plaintiff to have the separation agreement set aside on the ground of fraud or duress was unsuccessful after a trial in open court and where the court at Special Term has expressly sustained the separation agreement in all particulars, and where defendant is not in default under the agreement nor has he abandoned or acquiesced in any way in the efforts of plaintiff to repudiate the agreement, and no question of inadequacy arises, the separation agreement is in full force and effect and the plaintiff cannot increase the amount of alimony therein provided or receive counsel fees.

The orders should be reversed and the motion of plaintiff for increased alimony and counsel fees denied, without costs.

LEHMAN, Ch. J., RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LOUGHRAN, J., dissents.

Orders reversed, etc.