GLADYS V. JAECKEL, Plaintiff, *v.* H. FRANCIS JAECKEL, JR., Defendant.

Supreme Court, Special Term, New York County, February 18, 1943.

*Harry Sabbath Bodin* for plaintiff.

*Edward E. Hoenig* for defendant.

SHIENTAG, J. This is a motion by plaintiff for summary judgment. The action is predicated on an agreement entered into by and between the parties in 1929, while they were still married and during the pendency of a divorce action commenced by the plaintiff wife. The agreement provided that the wife should be paid alimony of $700 per month and that, if the wife succeeded in her action, this amount should be incorporated in the final decree. The agreement also provided, among other things, for a division of property between the husband and wife and for the husband to continue payment of premiums on a life insurance policy of which the wife was the beneficiary and assignee.

The wife was successful in her action for divorce, and the final decree awarded alimony to the wife in the amount fixed in the agreement. Plaintiff's affidavit states that the agreement was not introduced in evidence at the trial of the divorce action; the defendant contends the contrary. The records of the County Clerk's office support the defendant's contention. They show that the divorce proceedings were referred to an unofficial referee; that on the hearing the attorney for the plaintiff offered in evidence the agreement which is the subject of this litigation, dated May 4, 1929. The tenth finding of fact in the report of the referee reads as follows: '' An agreement dated the 4th day of May, 1929, was entered into by the plaintiff and defendant which agreement is marked Plaintiff's Exhibit 1 and which provides among other things that, in the event that this action should be determined in favor of plaintiff defendant agrees to pay to plaintiff for and during the term of his natural life the sum of Eight Thousand Four Hundred Dollars ($8,400) in equal monthly installments of Seven Hundred Dollars ($700) each, payable in advance on the first day of each and every month.'' While the interlocutory decree entered on the 3rd day of June, 1929, does not incorporate the agreement as such, it

provides for the payment to plaintiff of the sum of $700 a month, which is the same amount agreed by the defendant in the agreement of May 4, 1929, to be paid to the plaintiff.

The defendant paid the $700 provided for in the decree until 1932, when, by stipulation of the parties, the amount was reduced to $425 per month. Payments of such reduced sums were continued until January 1, 1937, when, again by stipulation of the parties, the monthly payments were increased to $525. These payments continued until June 26, 1940, when the amount was reduced to $400, which was paid through June, 1941. Each of the stipulations was drawn in terms modifying the decree awarding alimony, and orders modifying the prior decree or decrees were entered on each stipulation.

Thereafter the defendant requested a further reduction, but plaintiff on this occasion refused to consent to the request. Accordingly, the defendant made a motion at Special Term, Part I, to reduce the amount of alimony provided in the decree, and the court granted the motion to the extent of reducing the alimony to the sum of $250, payable from July 1, 1941.

Thereafter this action was commenced to recover the difference between the $700 as provided for in the decree of divorce and the agreement and the reduced sums paid to the plaintiff by the stipulation of the parties, and also the difference between the $700 and $250, which latter sum represents the amount fixed by the court on defendant's motion to reduce alimony. The defendant moved to dismiss the complaint. The motion was denied, the court stating in its opinion that the agreement on its face showed that there was no intention to merge the agreement in the decree. The defendant thereupon answered, setting up the defenses of merger, modification of the decree, waiver, laches, and the Statute of Limitations. A motion was made by the plaintiff to strike out the defenses. The court granted the motion in part, with leave to defendant to plead over, but found the defense of merger sufficient.

This court holds that there is no basis for applying the law of the case doctrine to this motion. The court on the defendant's motion to dismiss the complaint did not have before it the affidavits which are now before this court or the other facts submitted by the defendant indicating an intention that the alimony provision in the agreement be merged in the decree. (See *Braus* v. *Blondel's Shops, Inc.*, 247 App. Div. 209.) Furthermore, the decision of the court on plaintiff's motion to strike out the defense of merger, which motion was denied, supports the contention of the defendant.

Accordingly, this court may determine the issue *de novo*. So far as the defense of merger is concerned, where there is an intention to merge the agreement as to alimony in the decree and the decree embodies the agreement as to alimony, no right to enforce the alimony provisions of the agreement survives the decree. (*Chester* v. *Chester,* 171 Misc. 608; *Zatz* v. *Zatz,* 173 Misc. 229; cf. *Stewart* v. *Stewart,* 198 App. Div. 337; *Fales* v. *Fales,* 160 Misc. 799.)

In *Kunker* v. *Kunker* (230 App. Div. 641, 645) the court recognized the applicability of the defense of merger to facts like those present in the case at bar, declaring: " There was no reservation that the contract should endure after it became part of the judgment. If that is the correct view, then the terms of the contract still executory became merged in the judgment."

In *Bell* v. *Bell* (171 Misc. 605) an action on the contract fixing the amount of permanent alimony was upheld because the contract explicitly provided that " this agreement shall still remain in full force and effect unless mutually modified or cancelled by the parties hereto, and this agreement may be incorporated in any decree of divorce or separation made by any court of competent jurisdiction."

*Goldman* v. *Goldman* (282 N. Y. 296) and *Schmelzel* v. *Schmelzel* (287 N. Y. 21) do not decide the question of whether the agreement is, or can be, merged in the decree. Those cases deal only with the question of whether, and under what circumstances, the court may modify the decree for alimony. (See 44 Harvard Law Rev. 127.)

The affidavits of the attorneys for the plaintiff and the defendant in the 1929 divorce action, respectively submitted in support of and in opposition to this motion, raise issues as to the intention of the parties relating to merger of the agreement in the decree that require denial of plaintiff's motion for summary judgment. Those issues should be decided only after a trial.

The motion for summary judgment is denied.