PAULINE A. MILLER, Plaintiff, *v.* CHARLES J. MILLER, Defendant.

Supreme Court, Special Term, Queens County, February 1, 1947.

*Samuel E. Harwitz* for plaintiff.

*Gerald G. Schwartz* for defendant.

FROESSEL, J. In an action for separation instituted nearly *four* years ago, plaintiff wife now moves to examine the defendant husband before trial as to his earnings, assets, etc., for the years 1943 to date.

One week after the commencement of this action, the parties and their attorneys entered into a writing providing, among other things, for the payment to the plaintiff of the sum of $70 per week, and for a counsel fee in the sum of $1,000. It is conceded that the defendant has made all the payments regularly. He has appeared in this action, but has interposed no answer.

Ordinarily, examinations before trial as to a husband's financial ability are denied in actions of this character, upon the ground that plaintiff should first establish her right to a separation. (*Galusha* v. *Galusha,* 138 N. Y. 272, 281–282; *Van Valkenburgh* v. *Van Valkenburgh,* 149 App. Div. 482, 488; *Mendel* v. *Mendel,* 230 App. Div. 869; *Schultz* v. *Schultz,* 258 App. Div. 971.) It has been held, however, that when the only contested issue remaining to be determined is the *amount* of alimony, an examination may be allowed. (*Levi* v. *Levi,* 182 Misc. 445.)

In her moving affidavit plaintiff does not attack the writing aforesaid. She claims, however, that since 1943 the ".cost of living has risen sharply ", defendant has " prospered greatly ", and he has " married another woman." The defendant opposes upon the ground that there is no issue remaining to be determined by the court as to the amount of alimony; that the aforesaid writing constitutes an agreement fixing the measure of plaintiff's support, and must govern until said agreement is set aside (*Schmelzel* v. *Schmelzel,* 287 N. Y. 21) ; and that inasmuch as no such relief is sought in this action an examination before trial would be improper as the provisions of the writing must be written in the judgment.

The writing in question is expressly made " subject to the approval of the Court." Until the court has passed upon the same, as it necessarily must in the light of whatever evidence

the parties may properly adduce, an examination before trial should not be allowed, particularly in view of plaintiff's failure to challenge the agreement, the conclusory statements contained in the moving papers, and plaintiff's permitting this action to remain dormant for almost four years. In the event that the court adopts the writing as the agreement of the parties to be written in the judgment, an examination before trial would be wholly unnecessary. On the other hand, should it develop that an inquiry as to the defendant's earnings and resources is appropriate after the court's determination, such inquiry may be conducted either by the court itself or by a reference without harming the plaintiff. Accordingly, the application is denied.