IRENE LEHWIRTH, Respondent, v. JOHN E. LESLIE, Appellant.— Order unanimously modified so as to require plaintiff wife first to have her testimony taken before an American Consul at a place to be designated by her. Such examination to be upon open commission if the defendant husband is willing to pay his own expenses, otherwise upon written interrogatories, pursuant to sections 288 and 294 of the Civil Practice Act. If such procedure proves unavailable, then plaintiff may present a further application for letters rogatory, which then may be disposed of on its merits. As so modified the order is affirmed, without costs. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ.

■

EVA M. SUREAU, Respondent, v. JOHN D. SUREAU, Appellant.— Determination of the Appellate Term reversed and the order of the Municipal Court modified so as to strike therefrom the provision for the dismissal of the complaint, and a trial of the issues is directed. Whether the parties intended that the Nevada decree and its subsequent modifications should operate as a merger of the separation agreement and bar its survival of the decree is an issue of fact which should only be determined upon a trial. (*Hettich* v. *Hettich*, 304 N. Y. 8, 14, 15; *Goldman* v. *Goldman*, 282 N. Y. 296, 305; *Schmelzel* v. *Schmelzel*, 287 N. Y. 21, 26.) Present — Peck, P. J., Dore, Cohn, Callahan and Breitel, JJ.; Peck, P. J., and Breitel, J., dissent and vote to affirm in a dissenting memorandum reading: The record does not indicate any intention of the parties to merge the separation agreement in the Nevada divorce decree and to deprive it of further force. The mere fact of incorporation of the agreement into the decree does not show intention to merge (*Goldman* v. *Goldman*, 282 N. Y. 296). Nor is there any showing by defendant that the Nevada law on the subject of merger and survival of the separation agreement as a contract is any different from New York law. In that state of the record, we presume the law is the same, and following the decisions in *Goldman* v. *Goldman* (*supra*); *Schmelzel* v. *Schmelzel* (287 N. Y. 21), and *Hettich* v. *Hettich* (304 N. Y. 8) the order appealed from should be affirmed. Settle order on notice. [See 281 App. Div. 658.]

■

THOMAS W. TIFT et al., Appellants, v. FREDERICK W. APPELL et al., as Executors of ALBERT J. APPELL, Deceased, et al., Respondents.— Judgment unanimously modified by reducing the costs allowed from $2,162 to the sum of $162 and, as so modified, affirmed, with costs to the respondent Irving P. Whitehouse. See decision in companion appeal (*Tift* v. *Appell, post,* p. 927) decided herewith. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ.

■

THOMAS W. TIFT et al., Appellants, v. FREDERICK W. APPELL et al., as Executors of ALBERT J. APPELL, Deceased, et al., Respondents.— Order granting extra allowance unanimously reversed and the motion denied. In our opinion this is not a proper case for an additional allowance. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ.