Mabio Pittoot, J.
Plaintiff moves for a modification of a divorce decree to increase the amount awarded to plaintiff as alimony to $100 per week. Defendant cyoss-moves to modify the divorce decree by striking out the provision for support of their son, Warren, and fixing the alimony to be paid to the plaintiff at $18 per week as of September 18, 1959.
Plaintiff, in 1943, instituted an action for separation. After a trial plaintiff was awarded a judgment of separation, custody of the two infant children and alimony and support of $75 per week. In December, 1945 defendant was committed to jail for arrearages of $1,230, and in August, 1946 he was in arrears in the sum of $2,040. In 1951 this action for divorce was commenced and a judgment was entered on July 5, 1951. On June 8,1951, while the divorce action was pending, the parties entered an agreement fixing the support of the plaintiff, custody of the children and various other matters. Defendant contends that this agreement, which has been incorporated in the final judgment by reference, determines the husband’s liability for support and cannot be modified.
The agreement or stipulation in question bears the title of the action and recites its commencement. Paragraph (2) states ‘ ‘ in any judgment to be entered herein in this pending action for divorce, the plaintiff shall accept and the defendant agrees to pay ” certain sums of money for her support and the support of the child; paragraph (5) provides for an adjustment of the support provisions upon the plaintiff’s remarriage, or upon the infant becoming self-supporting prior to his 21st birthday; paragraph (6) provides that the parties agree that “an order of modification of any judgment herein to this effect may be applied for by the defendant upon the happening of either of such events ”; and paragraph (10) provides that the conditions of the agreement with respect to support, maintenance, counsel fees and other property rights of the parties and the provisions with regard to custody and visitation contained therein “ and to be incorporated pursuant thereof, in any judgment of absolute divorce, shall take the place of any and all provisions with respect to the foregoing now contained in the amended judgment of separation or in any orders entered in said action for separation, now in force ’ ’. The agreement is silent as to whether there is to be a merger or survival after entry of judgment; and the judgment entered refers to the agreement as “ plaintiff’s exhibit 1.” Judgment of divorce was granted after an inquest before an Official Referee.
It may be that this court cannot modify a provision for support contained in a separation agreement which has been incor *962 porated in a matrimonial decree, but not merged therein (Schmelzel v. Schmelzel, 287 N. Y. 21; Meyer v. Meyer, 5 A D 2d 655 [1st Dept.]). However, the language of the instrument in issue indicates that it was the intention of the parties to be governed by the terms of the decree itself and to have the agreement merge in the decree. Therefore, if it were the usual separation agreement it would be subject to modification by the court (Goldman v. Goldman, 282 N. Y. 296; Frawley v. Frawley, 9 A D 2d 895 [2d Dept.]). However, the agreement was merely a stipulation in the action; it does not have the same effect as a separation agreement and is not a bar to plaintiff’s application for a modification of the decree (Addis v. Addis, 73 N. Y. S. 2d 843; Higgins v. Higgins, 119 N. Y. S. 2d 103; see, also, Kunker v. Kunker, 230 App. Div. 641, 645 [3d Dept.]). At the inquest the following examination was developed:
“ Q. Do you desire any alimony for yourself or for the support of yourself and the child, Warren? A. Yes, I do.
“ Q. You and the defendant have entered into a stipulation with reference to the amount of support he is to pay, is that right? A. That is right.”
Therefore, since the agreement was merely a stipulation in the action, and it became part of the decree, the court may modify the terms pursuant to section 1170 of the Civil Practice Act.
However, as the affidavits submitted on behalf of the parties are conflicting regarding the plaintiff’s need and the defendant’s ability to support plaintiff, a hearing on these matters is necessary. Therefore, the parties are directed to appear before me for a hearing on Monday, April 10, 1961, at 10:00 a.m., at Trial Term, Part VI, of this court.
The cross motion to delete the provision for support of Warren who has reached his majority is granted; however, the modification is granted as of the date of this application (cf. Weitz v. Weitz, 1 A D 2d 1025 [2d Dept.]).