■ ANNE S. H. JENSEN, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellant and Interpleading Plaintiff-Appellant. WILLAMAY HINDREW, Individually, and as Executrix of ROBERT E. HUDDY, Deceased, et al., Interpleaded Defendants-Appellants.— Order of the Supreme Court, Queens County, dated July 5, 1966, reversed insofar as appealed from, and judgment of said court, dated July 11, 1966, vacated, with one bill of $10 costs and disbursements payable to appellants; plaintiff's motion for summary judgment denied; motion by defendant and interpleading plaintiff Metropolitan Life Insurance Company for interpleader relief granted; and action remitted to the Special Term for the entry of an order in accordance herewith. Plaintiff, the divorced wife of Robert E. Huddy, who died on December 3, 1965, and beneficiary named in an insurance policy on his life issued by defendant Metropolitan Life Insurance Company in 1946, instituted this action to recover the sum of $9,200 concededly due under the policy. Claims thereto were also made by Willamay Hindrew and Maryanne Frangipane, nonrelatives of the decedent, who were named as beneficiaries in 1962 and 1965, respectively; and those claimants were interpleaded by Metropolitan. The Special Term granted plaintiff's motion for summary judgment against Metropolitan, holding that under a separation agreement entered into between plaintiff and decedent

in 1949, whereby among other things decedent agreed to continue plaintiff as the sole beneficiary under the policy, she had an absolute right to the insurance proceeds. In our opinion, however, that question should not have been decided as a matter of law. It appears that plaintiff obtained a divorce from decedent in Iowa in 1955, on the appearance of both parties; that the decree made no mention whatever of the separation agreement, despite a provision therein that it should be embodied in any subsequent judgment; and that the judgment specifically provided that decedent's "obligation to pay alimony or support from this date on is hereby cancelled and held for naught." Under such circumstances, a question of fact is presented as to whether or not the separation agreement was abrogated by the divorce, which should be determined only on a trial (cf. *Hettich* v. *Hettich*, 304 N. Y. 8, 14–15; *Sureau* v. *Sureau*, 280 App. Div. 927, affd. 305 N. Y. 720). Moreover, the rule is here applicable that summary judgment should not be granted if the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent; and plaintiff should be required to prove her case by common-law proof, subject to cross-examination (*De France* v. *Oestrike*, 8 A D 2d 735; *Crocker-Citizens Nat. Bank* v. *L. N. Mag. Distrs.*, 26 A D 2d 667). We are also of the opinion that, pursuant to CPLR 1006, Metropolitan was entitled to the interpleader relief which it requested by its order to show cause dated May 27, 1966 (cf. *Rosen* v. *Equitable Life Assur. Soc.* 289 N. Y. 333, 337–338; *Mann* v. *John Hancock Mut. Life Ins. Co.*, 20 A D 2d 608, amd. 27 A D 2d 990). The order to be entered hereon should provide, *inter alia*, for Metropolitan's discharge from further liability to any party upon the payment into court of the sum of $9,200, with interest thereon from December 3, 1965 to July 5, 1966 at a rate no greater than the lowest discount rate of the Federal Reserve Bank of New York for discounts for, and advances to, member banks in effect from time to time during the foregoing period; and for an allowance of $350 to Metropolitan for its expenses, costs and disbursements, to be paid out of the proceeds of the insurance policy (CPLR 1006, subd. [f]). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.