Arnold L. Fein, J.
Plaintiff moves to amend the ad damwam from $3,100 to $3,000 and for summary judgment in that amount, with interest, in an action on a separation agreement, dated March 12, 1953, which contains no explicit provisions as to incorporation, merger or survival in the event of a subsequent decree of divorce.
^tfihe agreement provides: “In case the parties hereto are divorced and the wife remarried, the weekly payment ” for her * ‘ support and maintenance ” “ shall cease as of the date of such remarriage ”. Support for the minor children is to be Increased “following such remarriage” of the wife “who agrees to accept and does accept the terms and considerations in this agreement * * * during her natural life dr until her remarriage.”
The agreement is “ deemed to be a Hew York contract ” and 1 ‘ governed and construed by and in accordance with the laws of the State of Hew" York * * * not (to) be modified or annuled by the parties * * * except by written instrument signed, sealed and acknowledged in the same way as this instrument has been executed.”
On ¡December 18, 1953, plaintiff obtained a Morida decree of divorce against defendant, both parties appearing, the plaintiff in person. The validity of the decree is not here challenged. The decree recites i
‘ ‘ the parties did enter into a separation agreement prior to the commencement of this suit as to the support of the plaintiff * * * and it appearing to the court * * * fair and equitable * * *
“ ít ts rtmtíttiü oubtiiusb, Abd-tmoBo Arm bboubeb that the stipulation between the parties as to support, money, custody and other matters therein contained, filed in this cause along with the bill of complaint be, and the same is hereby found to be fair and equitable and that each and every agreement made by the parties therein contained is hereby ratified, confirmed and approved, and it is hereby incorporated by reference and made a part of the decree of this court and that each and every covenant made by each party is hereby made a part of the order of this court as If the same was herein specifically ordered, and the parties are hereby ordered to perform each and every cov *668 enant on their part made in said separation agreement concerning support money, alimony, custody, visitation rights and property settlement.”
Defendant argues there is a triable issue as to whether the incorporation of the separation agreement into the divorce decree accomplished a merger and precludes an action on the separation agreement, because of the absence of a survival clause in the agreement. He asserts: “ On or about the spring of 1953 the plaintiff went to Florida to secure a divorce and I consented to such action. It was my understanding that the terms of a separation agreement dated March 12, 1953 was to be incorporated and merged into the divorce decree. ’ ’ By letter, his attorney contends the word “ stipulation ” in the Florida decree indicates something more or different than the separation agreement was before the Florida court. No affidavit or other factual foundation for such conclusion is submitted. The face of the Florida decree compels the conclusion that what was intended was the separation agreement.
These assertions of defendant raise no triable issue. Unlike the cases directing a trial on the issue of merger and survival, some of which are relied upon by defendant, no facts are here alleged requiring a trial to determine the intention of the parties as to merger or survival of the separation agreement. There are no explicit provisions with respect thereto in the agreement or the Florida decree. However, some significance must attach to the provisions for change in the event of the wife’s remarriage and to the fact that although the decree incorporates the agreement, it directs the parties ‘1 to perform each and every covenant on their part made in said separation agreement.” The provisions of the agreement and the decree imply survival.
In the absence of facts showing a contrary intention, a separation agreement containing no specific provisions against merger is presumed to survive a subsequent decree of divorce, into which the agreement is incorporated (Meyer v. Meyer, 5 A D 2d 655). There the court denied a wife’s motion to increase the alimony provisions of a New York divorce decree which incorporated a New York separation agreement, silent as to merger. The wife had not1 ‘ established a merger of the separation agreement and the divorce decree ” (p. 657). No facts were alleged requiring a trial on this issue. So too here. Defendant, arguing for merger, alleges no facts warranting a trial.
To raise a triable issue as to merger, in the absence of “ an explicit statement of merger or nonmerger after incorporation,” there must he “ evidence of the parties’ intention to make their rights dependent, not on the contract itself, but *669 only on the action of a court (Matter of Stritch, 48 Misc 2d 742, 749; see McMains v. McMains, 15 N Y 2d 283.)
Mere incorporation of the agreement in the decree does not terminate a valid separation agreement. Termination can be accomplished only by a “ mutual act of the parties based upon mutual intention, or some other cause recognized by law ” (Schmelzel v. Schmelzel, 287 N. Y. 21, 26).
Where no other evidence is submitted, the intention of the parties must be ‘ ‘ ascertained from the documentary evidence, that is, from the agreement and the decree. The pertinent provisions of the agreement * * * do not * * * warrant the inference of an intention that it be merged in a later decree. Nor did the decree, by incorporating the agreement, effect a merger; as the Bureau and other cases demonstrate, under New York law it did not obliterate the existing contractual obligations of the parties ”. (Richards v. Richards, 5 Misc 2d 46, 50; citing cases.) As noted in Richards the Bureau litigation is instructive as to the factual showing of intention to merge requisite in order to defeat a motion for summary judgment. (Richards v. Richards, supra, p. 49; citing Sureau v. Sureau, 113 N. Y. S. 2d 56; Sureau v. Sureau, 116 N. Y. S. 2d 91, revd. 280 App. Div. 927, affd. 305 N. Y. 720.)
In Sureau, the agreement provided for incorporation. The Nevada decree, which incorporated the agreement, was later modified by the Nevada court, upon application of the husband, both parties being represented by counsel. On this basis there was a triable issue as to whether the parties intended that “ the Nevada decree and its subsequent modifications should operate as a merger of the separation agreement and bar its survival ”. (Sureau v. Sureau, 280 App. Div. 927, affd. 305 N. Y. 720.) Here there is no allegation of any modification of the Florida decree, actual or attempted (see Goldman v. Goldman, 282 N. Y. 296).
The cases relied on by defendant demonstrate his failure to submit evidentiary matter requiring a trial. In Kunker v. Kunker (230 App. Div. 641) while a New York divorce action was pending, the parties entered into a separation agreement providing support for the wife and children, subject to an application by the husband to move to modify, upon remarriage of the wife or the death of the children. The agreement was to be made part of the decree, subject to court approval. The New York divorce judgment approved the agreement and directed compliance. On defendant husband’s motion, the court held there was power to modify the judgment to the extent that it was executory, noting that the agreement had been tentative, *670 subject to court approval. The cotirt expressly declined to pass on whether the wife Cotild enforce the agreement by suit (p. 643). In Jaeckel v. Jaeckel (179 Misc. 994) the agreement, also made while a New York divorce action Whs pending, provided that ‘ ‘ in the event this action should be determined in favor of plaintiff, defendant agrees to pay *’. The agreement was obviously tentative. The New York divorce decree ordered the husband to pay the same amounts as provided ih the agreement. There were subsequent orders modifying the decree entered on stipulations between the parties reducing the alimony and upon application by the husband for reduction. In the wife’s action to recover the difference, shhimary judgment was denied. There was a triable issue as to intention to merge in the light of the tentative nature of the agreement, the rights reserved by the parties therein aiid the subsequent actions of the parties and the court with respect thereto.
The agreements in both of these cases were obviously not intended to be independent of the subsequent divorce decrees, being expressly made dependent thereon and designed merely to provide bases for the alimony provisions of the decrees ill lieu of other evidence on which to fix alimony. Read in their total setting, these bastes provide little guide to thte construction of an agreement entered into prior to any divorce dtecree, and without respect thereto, which does not provide for merger or incorporation ahd which has inherent validity irrespective of any decree (Goldman v. Goldman, 282 N. Y. 296, supra).
Defendant’s reliance on these cases and on Taylor v. Taylor (26 N. Y. B. 2d 711) and Lappert v. Lappert (20 N Y 2d 364) is misplaced. In Taylor, the court refused to include a provision for alimony for the wife in a divorce decree granted against her for adultery, despite a pre-existing separation agreement. Lappert {supra) directed enforcement of a Ntew York separation judgment despite a subsequent Mexican divorce decree which incorporated the prior separation agreement add provided that the agreement did hot merge in the decree but survived it. Decause the New York separation judgment recited that it waS founded oh a stipulation made during the pendency of the New York action that it “shall not be affected by áhy decree of divofee,” the husband Was held estopped, as a shatter of law> on his motion to delete the alimony provisions Of the New York separation judgment. The wife’s cross ihotidn to phnish for contempt Was granted despite the subseqhent Mexican divorce, which would ordinarily have extinguished the prior Separation judgment, as held in Lynn v. Lynn (302 N. Y. 193). The stipu *671 lation gave vitality to the separation decree, and was held, on motion, to survive.
In Lynn, the Nevada decree in favor of the husband, provided no alimony for the wife. Because the wife had appeared in the Nevada action, she was barred from enforcing the alimony provisions of a prior New York separation judgment, held not to survive the Nevada divorce to which she had been a party. Obviously not ruling against survival of a prior separation agreement, the court expressly noted that ‘ ‘ a separation agreement * * * may survive divorce.” (p. 204, citing cases; Hettich v. Hettich, 304 N. Y. 8.)
It is palpable from these cases that the bald allegation of defendant that it was his ‘ ‘ understanding that the terms of a separation agreement * * * was to be incorporated and merged into the divorce decree ” is insufficient. The Florida decree, silent as to merger, merely incorporates the agreement by reference and directs compliance therewith. If merger and nonsurvival were intended, appropriate provision could have been made in the Florida decree. The defendant appeared in the Florida action and could have raised and litigated the issue there. He is bound by the decree and the agreement which it incorporates (Fry v. Fry, 279 App. Div. 122, affd. 304 N. Y. 889; Stewart v. Stewart, 198 App. Div. 337; Frost v. Frost, 260 App. Div. 694; Hoyt v. Hoyt, 265 App. Div. 223; see Lynn v. Lynn, supra; Fitzgerald v. Morgenstern, 48 Misc 2d 575).
Even if it be deemed necessary to apply the law of Florida, despite the provisions in the agreement concerning the application of the law of New York, the conclusion would not differ. The law of Florida is consistent with that of New York. The court’s own examination of the Florida cases leads to the same result, in accord with a recent decision in a different but somewhat parallel litigation analyzing the Florida law (Matter of Stritch, 48 Misc 2d 742).
Most of the cases here cited were concerned with agreements providing for their incorporation in subsequent decrees. Some of the decisions were after trial. However, their rationale compels the conclusion that a separation agreement, silent as to merger, survives a subsequent divorce decree incorporating the agreement, in the absence of admissible evidence as to a contrary intention of the parties. (Meyer v. Meyer, supra; Richards v. Richards, supra; see Hettich v. Hettich, supra; Hartigan v. Hartigan, 16 A D 2d 145; Matter of Stritch, supra, analyzing the New York and Florida cases.)
“ Such agreements, lawful when made, will be enforced like other agreements unless impeached or challenged for some cause *672 recognized by law. It is not in the power of either party acting alone and against the will of the other to destroy or change the agreement.” (Goldman v. Goldman, 282 N. Y. 296, 300.)
Plaintiff’s motion to amend the ad damnum and for summary judgment is granted and defendant’s answer is stricken.