FRANK J. SANDARELLI, Appellant, v VERONICA A. SANDARELLI, Respondent.

Fourth Department, November 6, 1975

*John Lloyd Egan* for appellant.

*Richard Bernhard* for respondent.

MAHONEY, J. The plaintiff-appellant (husband) commenced an action for absolute divorce based on a separation agreement entered into between the parties. The defendant-respondent (wife) filed an answer and counterclaim requesting a denial of the plaintiff's cause of action and asking for absolute divorce in her favor based upon the same separation agreement previously entered into between the parties. On the day of trial the appellant withdrew his summons and complaint and agreed to allow the defendant to proceed to judgment on her counterclaim for absolute divorce.

The trial court found that the defendant had substantially complied with the terms of the separation agreement, and granted her an absolute divorce. The separation agreement was received in evidence and it was agreed between the attorneys for the parties that it should be incorporated into the decree with the exception of the paragraph relating to alimony payments and child support.

After extensive testimony the trial court awarded alimony payments to the wife in the sum of $20 per week and child support in the sum of $30 per week for each of the three children. It should be noted that by stipulation this was the only provision of the agreement which was not incorporated in the decree. The husband appealed only from that portion of the judgment which: (1) increased the weekly alimony payments from $10 as set forth in the separation agreement to the sum of $20 per week; (2) increasing the weekly child support payments of $20 per week for each child as set out in the separation agreement to the sum of $30 per week per child; and (3) the awarding to the defendant additional counsel fees in the sum of $1,600.

The separation agreement which was the basis for the action and the counterclaim was executed by the parties on April 27, 1970, each party being represented by his own counsel. There is no claim or showing by either of the parties that there was any fraud, duress or misrepresentation in the negotiation of the agreement. At the time of the execution of the separation agreement the wife and children were residing at 47 Knox Avenue and have lived there since that time. These premises are owned by the parties as tenants in the entirety. The testimony is convincing that the rents from the property approximate the expenses of mortgage and tax pay-

ments which the wife is paying while she and the children continue to occupy the residence.

Therefore, we are confronted with the question of whether the trial court was bound by the provisions of the agreement in light of the testimony on the finances of the parties as adduced at the trial or whether the existence of this agreement precluded the court from modifying the alimony and support upwards on the basis of its findings.

While the husband produced testimony showing that his gross income for the year 1971 was $7,488 and the net income $5,232, there was testimony before the court that during the same year plaintiff submitted an income statement to a local bank indicating that his income was $13,000; also from the same source it was ascertained that his income for the year 1973 was $12,000. There is also testimony showing that for the first four months of 1974 the husband deposited in a local bank the sum of $9,090.80.

There was testimony from the wife that subsequent to the execution of the separation agreement she was required to seek welfare assistance for approximately two years, as the result of which the trial court expressed concern with the danger of respondent and the children again becoming public charges. She also testified that she was in poor health and that she had been unemployed for about 15 years; and further testified as to the money needed to support herself and the children.

It would appear that the questions involved here were met squarely by the Court of Appeals in *McMains v McMains* (15 NY2d 283) which considered a situation where Special Term increased the wife's monthly allowance and the Appellate Division reversed in reliance upon *Schmelzel v Schmelzel* (287 NY 21) and *Goldman v Goldman* (282 NY 296). The *McMains* court stated (p 284): "We hold that a separation agreement valid and adequate when made and which contains a nonmerger agreement continues to bind the parties when its terms as to support have been written into a subsequent divorce judgment but that this does not prevent a later modification increasing the alimony when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge". The *McMains* court continued (p 287): "The New York courts have always had power to modify

the alimony set by a divorce judgment. * * * Of course, where there is a merger or incorporation of the earlier agreement into the judgment there is no doubt at all of the court's full power to deal with alimony in the original decision or on modification."

The judgment should be affirmed.

MARSH, P. J., CARDAMONE, DEL VECCHIO and WITMER, JJ., concur.

Judgment unanimously affirmed without costs.