OPINION OF THE COURT
Albert P. Williams, J.
The plaintiff moves for an order awarding counsel fees and disbursements in the sum of $18,533.47. The defendant has filed an affirmation in opposition.
*91 In 1974, the plaintiff commenced an action to recover arrears in the payment of alimony pursuant to a separation agreement dated September 12, 1973.
A decree of divorce was entered in the Dominican Republic on January 3, 1974 which dissolved the marriage between the parties. The Second paragraph of this decree read as follows: "second. Declare the separation agreement subscribed to between the parties and dated the 12 day of December of 1973, which has been presented, is not affected nor modified by this judgment, and it will survive.”
The Fourth paragraph of the decree states the following: "fourth. It is ordered that the parties comply with all the formalities established by Law.”
This action was settled by stipulation of both parties on the record. Plaintiff expressly reserved the right to move for the award of counsel fees. A court order reflecting this disposition was entered accordingly.
The plaintiff relies on section 238 of the Domestic Relations Law in support of this application. This section is entitled "Expenses in enforcement proceedings” and provides, in relevant part, that: "In any action or proceeding to compel the payment of any sum of money required to be paid by a judgment or order entered in an action for divorce, separation, annulment or declaration of nullity of a void marriage * * * the court may in its discretion require either party to pay the expenses of the other in bringing, carrying on, or defending such action or proceeding.”
A separation agreement may continue in existence after the parties have been divorced. The agreement may be incorporated by reference in a foreign matrimonial judgment when the court ratifies and incorporates it as part of the matrimonial judgment in lieu of alimony and orders performance of these obligations. (Fabrikant v Fabrikant, 19 NY2d 154.) If merger and nonsurvival are intended, the decree should make an appropriate provision rather than remain silent. (Haboush v Haboush, 56 Misc 2d 666.)
The separation agreement between the parties herein does not merge with nor is it incorporated into the Dominican divorce decree. The Dominican court did not specifically order the parties to comply with the terms of the agreement. The Second decretal provision leaves the agreement in force without change. The Fourth paragraph of the decree does not have *92 the effect of incorporating the agreement by reference. Therefore, this is not an "action * * * to compel the payment of [a] sum of money required to be paid by” the Dominican Republic divorce decree.
Accordingly, plaintiff’s motion is denied.