IRENE STEWART, Appellant, *v.* WILLIAM HENRY STEWART, JR., Respondent.

First Department, November 4, 1921.

**Husband and wife — action on foreign judgment to recover unpaid installments of alimony — judgment of foreign court conclusive upon parties and entitled to full force and credit where court had jurisdiction of parties and subject-matter — extent of estoppel of judgment — defendant estopped from setting up prior agreement of separation — court will not enjoin enforcement of foreign judgment for divorce.**

A judgment of divorce granted by a Nevada court is conclusive and binding and will be given full force and credit in this State in an action brought to recover unpaid installments of alimony, where the Nevada court had jurisdiction of the subject-matter of the action and of the parties.

The estoppel of a judgment extends to any material matter within the issues which was expressly litigated and determined and also to those matters which might have been litigated therein. The rule applies as well to judgments of default where the facts warrant the relief sought as to one rendered after a contest.

Hence, since in the action for divorce the question of alimony was comprehended within the issue and incident to the main issues and was expressly determined, the defendant is estopped from setting up a prior separation agreement, and the courts of this State will not enjoin the enforcement of the foreign judgment, which contains no reservation of power to modify the award of alimony.

APPEAL by the plaintiff, Irene Stewart, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of May, 1921, overruling a demurrer to a separate defense and equitable counterclaim contained in the answer.

*William G. Phlippeau,* for the appellant.

*Thomas A. McKennell* of counsel [*Alfred H. Appell* with him on the brief], for the respondent. .

PAGE, J.:

The action is brought to recover unpaid installments of alimony awarded by a judgment of divorce granted by a court of the State of Nevada. The defendant attached a copy of the judgment to his answer and admits, by failure to deny, the allegations of the complaint that the Nevada court had due jurisdiction of the subject-matter of the action and of the parties; that the defendant duly appeared in the action and interposed an answer; that the issues of fact were duly tried, and that the plaintiff duly recovered the judgment.

The defendant sets up in his answer by way of a separate defense and equitable counterclaim an agreement of separation under which the parties had been living separate and apart continuously for five years and that the parties, becoming dissatisfied, had entered into negotiations for its modification, when the plaintiff notified the defendant that she had determined to bring an action against the defendant in a jurisdiction other than the State of New York to procure an absolute divorce from the defendant upon grounds other than that of adultery; that thereupon an agreement was entered into between the parties providing for the payment of the expenses, disbursements and counsel fee of the plaintiff in such action, and making an elaborate provision for the terms and conditions to be embodied in the final decree or judgment to be entered therein, concerning the payment of alimony for the support and maintenance of the plaintiff and the custody, maintenance and education of the infant son of the parties. The final judgment entered in the action did not embody these terms, and the defendant asks for an injunction restraining the plaintiff from seeking to enforce this judgment. The plaintiff has demurred to this defense and counterclaim, and the demurrer was overruled at Special Term.

It being admitted that the court of Nevada had jurisdiction of the subject-matter of the action, and of the parties, and that the defendant appeared therein and filed an answer, the judgment entered therein becomes conclusive and binding

on the parties and will be given full force and credit in this State, pursuant to the requirements of the Federal Constitution (Art. 4, § 1). There is no reservation in the judgment of power to modify the alimony for support and maintenance; it definitely fixed the obligation of the defendant and entitled the plaintiff to recover the installments of alimony, past due and unpaid, in an action brought on the judgment in this State. (*Sistare* v. *Sistare,* 218 U. S. 1; *Tiedemann* v. *Tiedemann,* 172 App. Div. 819; affd., 225 N. Y. 709.)

We cannot in this action take into consideration the prior agreement of the parties. If this agreement could have had any effect on the judgment of the Nevada court, the defendant should have offered it in evidence for the consideration of the court upon the trial. There is nothing before us to show that it was not offered and considered by the Nevada court. In any event, the estoppel of that judgment extends to any material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly embraced within the issues, were or might have been litigated therein. This rule applies as well to judgments by default where the facts warrant the relief sought, as to one rendered after contest. (*Pray* v. *Hegeman,* 98 N. Y. 351, 358; *Goebel* v. *Iffla,* 111 id. 170, 177; *Field* v. *Chronik,* 190 App. Div. 501, 504.) The amount of alimony for the support and maintenance of the plaintiff and for the maintenance of the infant child of the marriage was comprehended within the issue or incident to the main issues and was expressly determined. The defendant is, therefore, estopped to set up the contract as against the judgment. If the defendant is entitled to any relief, it must be obtained by an application to the Nevada court. The courts of this State cannot enjoin the enforcement of the foreign judgment.

The order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs.