HALIBURTON FALES, Plaintiff, *v.* DECOURSEY FALES and HALIBURTON FALES, as Trustees under the Last Will and Testament of HALIBURTON FALES, SR., and ELLEN DEXTER FALES, Defendants.

Supreme Court, Special Term, New York County, October 14, 1936.

*Regan & Barrett,* for the plaintiff.

*Edward G. Bathon,* for the defendant Haliburton Fales, as trustee, etc.

*Curtis S. Bates,* for the defendant DeCoursey Fales, as trustee, etc.

LAUER, J. This is a motion by the defendant Ellen Dexter Fales for judgment dismissing the plaintiff's amended complaint, striking out the plaintiff's reply and the replies of the defendants DeCoursey Fales and Haliburton Fales, as trustees under the last will and testament of Haliburton Fales, Sr., and for judgment as asked in the counterclaim of the defendant Ellen Dexter Fales. The defendant DeCoursey Fales, as trustee under the last will and testament of Haliburton Fales, Sr., although a party hereto, has taken a disinterested position and is willing to be governed by

this court's determination of the controversy between the plaintiff and the defendant Ellen Dexter Fales. For the purposes of this opinion, Ellen Dexter Fales will be considered as the defendant.

The plaintiff and defendant were married in October, 1910. They lived together as husband and wife until June, 1929, when certain differences arose and they separated. Three children are the issue of the marriage. On December 14, 1929, the plaintiff and defendant entered into a written separation agreement which (1) settled all property rights of the parties; (2) provided for the payment by plaintiff to defendant of a monthly sum; (3) required the plaintiff as the beneficiary of his father's will to instruct the trustees thereof to make the monthly payments to the defendant; (4) charged the plaintiff with creating a trust fund in his will for the benefit of the defendant; and (5) fixed the custody, education and support for the issue of the marriage. The agreement also provided that it should not preclude either party from maintaining an action for absolute divorce in New York or any other jurisdiction on lawful grounds, but that its terms should be incorporated in a court decree if consistent with the rules of the court granting the decree.

Immediately after the execution of the agreement the plaintiff complied with the terms heretofore set forth. Thereafter, on March 24, 1930, the defendant obtained a decree of absolute divorce against the plaintiff in Reno, Nev., in an action in which the plaintiff appeared and was represented by counsel. Within six weeks after the Nevada judgment and decree the plaintiff herein remarried. During the intervening years between the Nevada divorce and the institution of the present suit, the plaintiff for the most part has complied with the terms of the agreement originally entered into between the parties, although the defendant herein has accepted on several occasions as monthly payments lesser sums than are provided for in the original agreement. No payment has been received by the defendant since May 1, 1936.

On May 22, 1936, this action was instituted by the plaintiff to set aside and have canceled the separation agreement and to restrain the defendant trustees from making any further payments in accordance with directions previously given to the defendant. It is the plaintiff's contention, as set forth in the complaint, that the parties orally agreed to secure a Nevada divorce and that thereafter the written separation agreement was executed; that the real purpose, namely, the undertaking by Ellen Dexter Fales to procure a divorce, was not incorporated in the agreement, and that since the agreement was to obtain a divorce, it is void, illegal and unenforcible.

The defendant's answer denies all of the plaintiff's allegations and by way of counterclaim and defense sets forth the separation agreement, the decree of divorce of the Nevada court, together with the complaint, answer, findings of fact, conclusions of law and transcript of testimony in the proceedings had for such Nevada divorce. It is her contention that the separation agreement was merged in the divorce decree obtained by her, and that the issues raised by plaintiff's complaint are *res adjudicata*. The defendant's contention in substance is denied by the plaintiff's reply.

The question presented to this court is, assuming the truth of the plaintiff's allegations in his complaint, that a separation agreement was entered into for the purpose of obtaining a divorce, may it be attacked in the instant case as illegal at this time?

Marriage is the basis of orderly society. The preservation of the marital status is of the utmost importance to the community and should be jealously guarded. Unfortunately, in our present civilization, the necessity for separation or divorce in certain instances and ofttimes the desire for freedom in other instances have become forces of destruction to the marital status. This condition must be recognized as a reality. It is in the interest of society that, when the marriage relationship has been destroyed and the parties no longer continue to cohabit, the termination of the marital relationship be arranged between husband and wife in an orderly, fair and equitable manner. Where husband and wife have agreed to an orderly settlement of their disputes and have entered into a written separation agreement which on its face appears to be fair and equitable, a court should hesitate to set aside such an agreement. Orderly society in a sense has been preserved. The will of the parties as expressed by their agreement should be disturbed only where their agreement is repugnant to justice as between them or contrary to the interests of society in the form of the State. In the instant case a written separation agreement is in existence. It appears from the context of the agreement to have been the intention of the parties that the agreement between them be merged in a divorce decree if and when that should occur. The agreement provides:

" *Ninth.* Nothing herein contained shall be deemed to preclude or bar either of the parties hereto from maintaining an action for absolute divorce against the other in the State of New York, or in any other jurisdiction, upon any lawful grounds whatsoever; provided, however, that if consistent with the rules and practice of the Court granting such decree of absolute divorce the provisions of this agreement or the substance thereof shall be incorporated in such decree."

Such merger actually took place. The complaint served in the divorce action recited the existence of the agreement now sought to be voided and asked that the court " adopt the provisions of said agreement." The plaintiff, having appeared in the Nevada action, must be deemed to have had notice that the defendant was making a claim in her complaint based upon the agreement now in dispute. He was given an opportunity at that time to be heard on the completeness and the legality of the instrument. He failed to question it. The agreement was offered in evidence at the trial, without objection from plaintiff's counsel. The Nevada court found the agreement to be just and fair. The findings of fact, the conclusions of law, the judgment and decree of the Nevada court, clearly adopt as part thereof the agreement of the parties. The contention of the plaintiff herein that the separation agreement was based on an illegal promise to procure a divorce should have been raised in the Nevada court where the agreement was considered and adopted. It cannot be presented here.

The rule is well established that a judgment or decree on the merits is final and conclusive as to all questions either of law or fact which actually were or legally might have been litigated and decided in an action between the same parties or those in privity with them. (*Stewart* v. *Stewart*, 198 App. Div. 337; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Pray* v. *Hegeman*, 98 id. 351, 358; *Reich* v. *Cochran*, 151 id. 122; *Barber* v. *Kendall*, 158 id. 401, 405.)

In the present case there can be no doubt but that the agreement between the parties has been merged in the decree of divorce of the Nevada court which is the judgment of a sister sovereign State.

The question arises whether this court in the instant case will go behind the Nevada decree to determine whether fraud was committed upon the public policy of this State and upon the courts of the State of Nevada by the parties to the separation agreement. I think not. This suit does not attack the validity of the Nevada divorce decree. The plaintiff's purpose here is to attack the agreement made prior to the Nevada divorce decree. The plaintiff is seeking to impugn an agreement which has been merged in the decree and judgment of a sister sovereign State without making a direct attack to impeach the judgment and decree itself. This cannot be done. (*France* v. *France*, 79 App. Div. 291.) The plaintiff's hesitancy to make a direct attack on the decree itself is understandable, as it would endanger his present marital status, since, were that decree voided, he would still be married to defendant and his subsequent remarriage would have been void. The plaintiff seeks to relieve himself of his obligation under the agree-

ment while he partakes of the benefits of the decree of divorce which followed the making of and merged the agreement. The plaintiff wishes to have his cake and eat it too. This court will not aid the plaintiff in his purpose.

The case of *McDonald* v. *McDonald* (228 App. Div. 341), on which defendant places reliance, is no authority contrary to the decision I have reached. In that case the testimony taken on the trial was not part of the record presented to the court in this State, nor was there anything before the court in this State to indicate that the agreement had merged in the judgment of the foreign State.

In the instant case it definitely appears that the decree has merged the agreement.

Under the circumstances of the present case, the separation agreement having been merged in the decree of the Nevada court is not subject to attack in the manner here attempted. The agreement remains in full force and effect.

There is no merit in the contention of the defendant Haliburton Fales, as trustee, since his complaint as plantiff is here dismissed.

The motion to dismiss the amended complaint and to strike out the plaintiff's reply and the replies of the defendant DeCoursey Fales, as trustee under the last will and testament of Haliburton Fales, Sr., and of the defendant Haliburton Fales, as trustee under the last will and testament of Haliburton Fales, Sr., to the counterclaim in the answer of the defendant Ellen Dexter Fales is granted. Judgment is given to Ellen Dexter Fales as demanded in the answer and counterclaim. Settle order.