In the Matter of the Estate of Charles S. MacGregor, Deceased.

Surrogate's Court, New York County, July 20, 1938.

*Root, Clark, Buckner & Ballantine* [*John M. Harlan* and *Vincent R. Smalley* of counsel], for the petitioners.

*McClellan & Shrewsbury*, for Mary Audrey Heartz MacGregor, former wife of decedent, respondent.

*Gresser & Walker*, for George Purnell MacGregor, life tenant of trust.

*Chamberlain, Kafer, Wilds & Jube*, for Elmer Russell MacGregor and Ida Frame MacGregor, respondents.

*Frank H. Twyeffort*, special guardian of Ethel Ann MacGregor and others.

FOLEY, S. In this proceeding for advice and direction, pursuant to the provisions of section 215 of the Surrogate's Court Act, several questions are raised.

(1) The validity of a separation agreement entered into between the testator and his former wife, Mary A. H. MacGregor, is attacked. By its terms the testator, among other things, agreed to provide by his will for the payment of $50,000 to Mrs. MacGregor should she be living and not remarried at the time of his death. He further agreed to provide that such payment shall have priority over all other testamentary legacies and devises. He carried out the terms of the agreement by his will in all respects. It is asserted by those who would benefit from a determination of invalidity that the provisions made in favor of Mrs. MacGregor were based upon a mutual understanding and for the sole purpose of inducing her to procure a divorce, and that such agreement was, therefore, null and void as against public policy.

Shortly after the execution of the agreement, and on the 8th day of September, 1934, the testator's wife obtained a decree of divorce in a court of competent jurisdiction in the State of Nevada. The testator became a resident of that State and personal service in the action was there made upon him. He appeared in person as defendant and by counsel and duly filed an answer. The decree

recites that evidence on behalf of the plaintiff, Mrs. MacGregor, had been introduced and duly considered, that the court signed its findings of fact and conclusions of law determining that the plaintiff was entitled to a decree of divorce from the defendant, that the bonds of matrimony were dissolved and " that the written agreement made and entered into by the plaintiff and the defendant herein on the 17th day of July, 1934, settling the property rights of the plaintiff and the defendant, a true, full, and correct copy of which said written agreement has been admitted in evidence in this action, and marked and designated as ' Plaintiff's Exhibit A ' therein, be, and the same hereby is, by this Court ratified, adopted, and approved in all respects, and with the same force and effect as if said agreement were annexed hereto and set out in full *in hæc verba* as a part hereof; and said agreement is hereby declared to be fair, just, and equitable to the plaintiff and to the defendant; and the plaintiff and the defendant are both ordered and directed to comply with all of the terms and conditions of the said agreement."

I hold that the decree of divorce in its ratification of the separation agreement is valid and binding upon the estate. The agreement was clearly merged in the judgment and decree of divorce rendered on the 8th day of September, 1934. (*Fales* v. *Fales*, 160 Misc. 799; affd., 250 App. Div. 751; *Sleicher* v. *Sleicher*, 228 N. Y. Supp. 711; revd., 224 App. Div. 529; revd., 251 N. Y. 366; *Goldberg* v. *Mayer*, 243 App. Div. 477; affd., 270 N. Y. 660; *Stewart* v. *Stewart*, 198 App. Div. 337.) It is reasonably to be inferred and must be assumed that all of the provisions contained in the judgment and decree of divorce were embodied therein by consent and with the knowledge and approval of the testator. The question of the legality of the separation agreement must be deemed to have been adjudged by the Nevada court. The estoppel of a judgment extends to any material matter within the issues which were expressly litigated and determined and also to those matters which might have been litigated therein. (*Stewart* v. *Stewart, supra.*) No attack has been made on the decree itself for want of jurisdiction or for fraud. The judgment of a sister State is entitled to full faith and credit (*Goldberg* v. *Mayer*, 243 App. Div. 477; affd., 270 N. Y. 660; *Stewart* v. *Stewart*, 198 App. Div. 337), and only the Nevada court had jurisdiction to modify, alter or annul the decree here made by it.

In *Fales* v. *Fales* (160 Misc. 799; affd., 250 App. Div. 751) a decree of divorce of a Nevada court was involved where the facts were almost identical to those in this proceeding. In finding that the separation agreement there entered into between the plaintiff and the defendant prior to obtaining a divorce was merged in the

decree of divorce, the court wrote: " The plaintiff, having appeared in the Nevada action, must be deemed to have had notice that the defendant was making a claim in her complaint based upon the agreement now in dispute. He was given an opportunity at that time to be heard on the completeness and the legality of the instrument. He failed to question it. The agreement was offered in evidence at the trial, without objection from plaintiff's counsel. The Nevada court found the agreement to be just and fair. The findings of fact, the conclusions of law, the judgment and decree of the Nevada court, clearly adopt as part thereof the agreement of the parties. The contention of the plaintiff herein that the separation agreement was based on an illegal promise to procure a divorce should have been raised in the Nevada court where the agreement was considered and adopted. It cannot be presented here."

The cases of *McDonald* v. *McDonald* (228 App. Div. 341) and *Schley* v. *Andrews* (225 N. Y. 110), cited by the objectants as applicable, are distinguishable from the situation here. In the former action there was nothing to indicate that the agreement had been merged in the judgment and decree of divorce. It did not appear whether or not the separation agreement was considered by the court since the defendant defaulted in the action and was not represented. In the latter case, where the plaintiff, in order to induce the defendant to procure a divorce, agreed to make certain specific monthly payments to her and to confess judgment in the sum of $35,000 as collateral security for such payments, no question of merger was involved.

The agreement of the decedent and his former wife was merged in the Nevada judgment and decree of divorce, and such judgment and decree are *res adjudicata.* The validity of the separation agreement must accordingly be sustained as a matter of law and the terms of the will of the testator given effect.

(2) The application of Mary A. H. MacGregor for payment of her legacy is granted to the extent of directing the immediate payment to her of the sum of $30,000, and deferring the payment of the balance until the expiration of eighteen months from the date of the issuance of letters testamentary. If securities of sufficient amount are sold prior to the expiration of that period, the balance of her bequest may be paid from the proceeds of such sale.

(3) Since under the terms of the will her legacy is entitled to priority of payment over all other legacies, outright or in trust, interest will be allowed at the legal rate of six per cent from seven months after issuance of letters testamentary, the statutory period for the general administration of estates, to the date or dates of payment.

Submit decree on notice accordingly.