FLORENCE G. BORMOLINI, Respondent, v. HENRY A. BORMOLINI, Appellant.— In an action to recover moneys claimed to be due under an agreement of separation, defendant appeals from a judgment of the County Court, Westchester County, in favor of plaintiff, rendered after trial. Judgment reversed on the law and the facts, without costs, and complaint dismissed, without prejudice to such new action as respondent may bring after correction or amendment of the decree hereinafter mentioned in the manner herein below indicated. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The agreement was made during the pendency in a Florida court of an

action brought by appellant against respondent for divorce. The agreement provided that, subject to the order of the court in that action, respondent was to have custody of the child of the parties, and appellant was to have the right of visitation, and that upon the entry of a final decree in said action appellant would pay respondent for support of herself and the child $130 a month, except that in the event of the remarriage of respondent the payment requirement would be reduced to $70 a month for the support of the child. A decree of divorce was ultimately made in the stated action. It did not state that the provisions of the agreement were incorporated into the decree, but it made directions with respect to custody, visitation and payments in accordance with the provisions of the agreement, except that, as to the payments, it stated that the $130 payments were for the support of the child, without mention of support for respondent. Despite this omission of provision for support of respondent, the decree continued to include the provision that in the event of respondent's remarriage, the amount would be reduced to $70, and added, as to the directions for payments, " all of which is provided for by the agreement entered in this cause and filed as Defendant's Exhibit No. 1 ". Although the omission in the decree to include support of respondent as within the purpose of the $130 payment provision apparently was an inadvertence, the decree stands as the granting court's interpretation of the agreement. Unless and until the decree is corrected, or amended to provide for payment for support of respondent, the estoppel of the decree bars respondent from recovery upon the agreement except for support of the child. (Cf. *Stewart* v. *Stewart,* 198 App. Div. 337, and *Schacht* v. *Schacht,* 295 N. Y. 439.) Nolan, P. J., Wenzel, MacCrate and Murphy, JJ., concur; Schmidt, J., not voting.