■ MADELEINE L. STONE, Respondent, v. LESTER E. STONE, Appellant.— Judgment modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Certain findings of fact disapproved and reversed. Memorandum: The separation agreement provides: " that in computing said net income of the First Party, it shall be adjusted so as to allow for charitable deductions made through his business or businesses not more than the average ratio of such charitable deductions made

through Harry Lewis Stone and Co. to its gross income during the calendar years 1950, 1951 and 1952 ". The defendant's share of the charitable contributions made by his firm amounted to $386.17 for the year 1953. Such sum does not exceed the ratio of charitable deductions in the provision above quoted. The contract as we view it clearly contemplates that defendant is entitled to make deductions of his share of the charitable contributions of the firm not exceeding the prescribed ratio in arriving at the net income figure from which is to be computed the alimony due to the plaintiff. All concur. (Appeal from a judgment of Erie Equity Term for plaintiff in an action for specific performance of a separation agreement.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.