**Madeleine L. STONE, Plaintiff,**

v.

**Lester E. STONE, Defendant.**

**Civ. A. No. 7124.**

United States District Court
W. D. New York.

July 23, 1957.

Moot, Sprague, Marcy & Gulick, Buffalo, N. Y. (David L. Landy and Francis X. Murphy, Buffalo, N. Y., of counsel), for plaintiff.

Kavinoky, Cook, Hepp & Sandler, Buffalo, N. Y. (Edward H. Kavinoky and Arnold B. Gardner, Buffalo, N. Y., of counsel), for defendant.

MORGAN, District Judge.

This action by Madeleine L. Stone was commenced on July 13, 1956 in the Supreme Court of the State of New York to recover from the defendant additional maintenance and support payments for herself and the parties' three children for the calendar year 1955 and the first half of 1956. The defendant removed the cause to this court on the ground of diversity of citizenship, the plaintiff being a resident of California and the defendant a resident of New York, with the amount in controversy being in excess of Three Thousand ($3,000.00) Dollars.

After the parties had entered into a stipulation on various matters, this court ordered a separate and preliminary trial pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Two questions are presented: What is the legal effect of the decision of the New York Courts in the prior litigation between the same parties involving payments in the year 1954? Is it determinative of the issue in the present lawsuit?

The parties were married on May 29, 1936 and had three children at the time of the original trial on December 14, 1954 in the New York Supreme Court. While separated and living apart, the parties executed a separation agreement

on February 2, 1953, which provided for a formula for the yearly computation of maintenance and support to be made by the defendant for the benefit of the plaintiff and the minor children.

The separation agreement provides in paragraph Twelfth as follows: "The parties agree that in the event a judgment for annulment, separation or divorce is entered in any court of competent jurisdiction, then the pertinent provisions of the agreement shall be incorporated therein."

Thereafter, the plaintiff commenced an action for divorce in the State of Nevada with the defendant appearing generally therein. On March 20, 1953, the Nevada Court in Clark County granted an absolute divorce decree to the plaintiff dissolving the bonds of matrimony between the parties herein. The divorce decree "approved and confirmed" the Separation Agreement between the parties alluded to above, and contained an almost verbatim recital of paragraphs "Second, Third (b), Fourth, Fifth and Seventh (c)" of the Separation Agreement.

The Divorce Decree provided that the defendant, Lester E. Stone, pay to the plaintiff, Madeleine L. Stone, for the support and maintenance of the plaintiff and the children as follows:

"(a) For and during the year 1953, the sum of Eight Hundred Seventy-Five and 00/100 ($875.00) Dollars per month, by paying $400.-00 on the first day of April, 1953, and on the first day of each and every month thereafter during 1953, and by paying the sum of $475.00 on the 15th day of April, 1953, and on the 15th day of each and every month thereafter during the year 1953;

"(b) For and during the year 1954 and thereafter, payments shall continue to be made upon the first and 15th days of each month, each payment to be one-twenty-fourth (1/24) of one-third (1/3) of the defendant's net income for federal income tax purposes, (certified copies of returns and changes therein to

be furnished to the plaintiff, Madeleine L. Stone) earned and received from personal services from any source whatsoever for and during the preceding calendar year and for and during any fiscal year ending in said preceding calendar year (including, but not limited to, professional, accounting, supervisory, as officer, director, employee, from partnership distributions, participation in earnings of any business or professional association in which defendant is engaged, and other similar personal income, but excluding income or profits from investments and trading in securities or any other property); provided, however, that in computing said net income of the defendant, it shall be adjusted so as to allow for charitable deductions made through his business or businesses not more than the average ratio of such charitable deductions made through Harry Lewis Stone and Co. to its gross income during the calendar years 1950, 1951, and 1952 or the fiscal years of said Harry Lewis Stone and Co. ending during said calendar years."

This identical language is contained in paragraph Third (b) of the Separation Agreement. In August, 1954, the plaintiff commenced an action in the New York Supreme Court for additional maintenance and support payments claimed to be due for the calendar year 1954. The plaintiff obtained a judgment in the 1954 action, which was affirmed on appeal with modifications. 1 N.Y.2d 785, 153 N.Y.S.2d 53, 135 N.E.2d 590. The Supreme Court of the United States denied certiorari, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86, and the judgment was thereafter satisfied.

The present action presents a number of interesting problems. In the original action in the State Court, the plaintiff had three causes of action: (1) that defendant execute certain documents to effect beneficiary changes on certain life insurance policies; (2) that the defendant deliver a certified copy of his 1953

personal income tax return and disclose charitable deductions for certain years by the Harry Lewis Stone & Co. partnership; and (3) that the defendant pay certain sums allegedly due to the plaintiff for maintenance and support.

In the original State court action, the plaintiff pleaded the support and maintenance provisions of the Separation Agreement in full in paragraph 10th. In paragraph 11th, the plaintiff stated, "That on March 20, 1953, a decree of divorce was duly filed in the * * * State of Nevada * * * which decree of divorce ordered, adjudged and decreed that the defendant should pay the plaintiff for the support and maintenance of the children * * *." Paragraph 12th stated, "That the said decree of divorce ordered, adjudged and decreed that the said agreement of separation be approved and confirmed." The defendant admitted in his answer the allegation of paragraphs 11th and 12th of the complaint. Nevertheless, the plaintiff was relying solely on the separation agreement for the recovery in the State Courts.

It is interesting to note in the instant suit in the Federal District Court that the plaintiff pleads in full the applicable support provision of the separation agreement and the divorce decree.

Paragraph Ninth of the complaint herein states: "That in an action between the same parties as plaintiff and defendant, commenced on or about August 31, 1954 in this Court, in respect to the amount due to the plaintiff for 1954 * * * in accordance with the terms and provisions of said agreement of separation and divorce decree, this Court, as modified and affirmed by the Appellate Division, Fourth Department [1 A.D.2d 756, 147 N.Y.S.2d 209], and as affirmed by the Court of Appeals, in its decision [1 N.Y.2d 785, 153 N.Y.S.2d 53, 135 N.E.2d 590], found as follows * *."

Plaintiff now argues that the prior judgment in the State Court action is res judicata in the instant action because the New York Courts interpreted the divorce decree as well as the separation agreement. In the same brief, the plaintiff states that the separation agreement did not merge in, but survived the divorce decree. In his State Court decision, Judge Noonan specifically excluded the interpretation of the Nevada decree by saying, "That the Court in making this determination is merely interpreting the separation agreement dated January 2, 1953 and is in no way attempting to change the Nevada divorce decree of March 20, 1953, which Court asserted at the trial, and the attorneys for both parties agreed, it had no power to change." Nor did the Appellate Division modification or its affirmance by the Court of Appeals of New York vary that language.

The plaintiff, in bringing the present action, pleads both the separation agreement and the divorce decree; by so doing, she indicates to this Court that she is not sure whether she is proceeding under the separation agreement or divorce decree. Yet in her briefs, the plaintiff concludes by saying, "When the New York Court interpreted and enforced the agreement and decree in the prior action, it established once and for all the existence of and the interpretation of the agreement and decree," citing Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456 and Ripley v. Storer, 309 N.Y. 506, 132 N.E.2d 87. This is not this Court's interpretation of the facts and the applicable law.

The defendant takes the position that this action must be based upon rights arising under the decree of divorce, since the separation agreement provided its incorporation in any subsequent divorce decree. The defendant argues that the separation agreement merged with the divorce decree and that defendant's remaining obligations be governed by the Nevada decree. Defendant denies that the State Court judgment is res judicata and argues that defendant is entitled to a trial on the merits of the cause stated in the complaint before this court.

Nevada Law apparently is not to the contrary. In Fleming v. Yoke, 53 F.

Supp. 552, at page 554, the District Court said, "In Nevada a divorce decree adopting and approving a previous agreement of the parties as to alimony or other expenses, rests on its own foundation, and does not take its legal efficacy or effect from the previous agreement. The prior agreement is merged in and superseded by the decree of the court. Lewis v. Lewis, 53 Nev. 398" and others. The separation agreement between the parties contained no stipulation or direction for its post-decree survival. Johnston v. Johnston, 177 Misc. 618, 31 N.Y.S.2d 126; Chester v. Chester, 171 Misc. 608, 13 N.Y.S.2d 502; Stewart v. Stewart, 198 App.Div. 337, 190 N.Y.S. 369; Babcock v. Babcock, 147 Misc. 900, 265 N.Y.S. 470; Sleicher v. Sleicher, 251 N.Y. 366, 167 N.E. 501.

Goldman v. Goldman, 282 N.Y. 296, at page 305, 26 N.E.2d 265, at page 269 is not contrary to the conclusion reached in this opinion. In the Goldman case, the court said, "We pass upon the effect of the separation agreement only so far as is necessary to support the conclusion that the agreement cannot and does not limit the power of the court conferred by statute." The Court of Appeals left open the question whether the separation agreement survived the divorce decree or merged therein. Hettich v. Hettich, 304 N.Y. 8, 14, 105 N.E.2d 601, is likewise not contrary, as there the parties stipulated no merger, and the decree provided only for the support of the child.

██ We now come to consider the question whether the State court action is res judicata in the present action. The leading case on this subject is Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp., supra, where at pages 306–307 of 250 N.Y., at page 457 of 165 N.E. Judge Cardozo said, "A judgment in one action is conclusive in a later one, not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." The instant case is different from the previous action, as the State court action was based solely on the separation agreement; whereas, the instant action is proceeding solely on the divorce decree. This court is required to interpret the decree, regardless of the New York State courts findings in an action on the agreement.

The present action is for installments due in 1955 and a portion of 1956, and can be characterized as quasi-successive litigation, that is, it arises out of different interests and different substantive rights but requests similar relief for successive periods of time.

██ The trial of this action will differ from the State action because the Nevada Rule, Kent v. Smith, 62 Nevada 30, 140 P.2d 357, states that matters extrinsic to the judgment roll may *not* be used in the construction of a Nevada judgment. The burden is on the Federal District Court to interpret applicability of the 1954 Internal Revenue Code, 26 U.S.C.A. § 1 et seq., to the decree, and its effect thereon, and the allowability of certain personal deductions on the defendant's 1955 return.

During the course of the trial, briefs of the parties in the State court action and briefs on subsequent appeals were offered in evidence. The court reserved decision on the admissibility of said briefs. It is the opinion of this court that the following exhibits should be, and they are, denied admissibility, and are not considered as evidence in this proceeding under Rule 42(b): Exhibits 9a, 9b, 9c, 9d, 10a, 10b, 10c, 10d, 10e, 11a, 11b, 11c, 12a, 12b, since there is no need for resorting to extrinsic evidence. State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831.

Since the judgment in the State court action is not res judicata, the parties are entitled to a full and complete trial on the merits of the applicability of the divorce decree and its interpretation in the present action.