Joseph A. Gavagan, J.
Plaintiff, who was formerly the wife of the defendant, seeks summary judgment in an action to enforce a decree of divorce granted in her favor in Nevada and to obtain certain payments under the separation agreement which was approved and adopted by reference in the decree. The defendant, conceding the validity of the Nevada decree, seeks to challenge the separation agreement ratified therein. He argues that the agreement, which by its terms survived the decree and is governed by the Laws of New York, was conducive to the divorce and violative of section 51 of the Domestic Relations Law. The plaintiff’s position is that the separation agree *741 ineiit like the divorce decree must he accorded full faith and credit under section 1 of article IV of the United States Constitution and is not subject to collateral attack in this State.
The facts, supported in large measure by documentary proof, follow: The parties were married in 1942. It was the second marriage of the plaintiff and the first of three marriages for the defendant. There was no issue of the marriage between the parties. However, by her prior marriage plaintiff had a son who was adopted by the defendant. After 10 years of marriage, the parties entered into a separation agreement on February 24,1953, which provided for the support of the plaintiff and the maintenance of her son until he was graduated from college, and also provided for certain cash payments to plaintiff and to her son. The plaintiff then went to Reno, Nevada and while there she demanded, according to the defendant, an additional $100,000 in cash to induce her to obtain a divorce. In defendant’s view, this demand was equivalent to “ economic duress” because, under the then prevailing provisions of the Internal Revenue Code, alimony payable under a separation agreement was deductible by the husband only if the agreement was incidental to a divorce. The defendant rushed to Reno, there reached a new agreement with the plaintiff and returned immediately to New York. On May 7, 1953 the plaintiff filed a complaint for divorce in the Second Judicial District Court of Nevada. No reference was made in the complaint to any separation agreement between the parties. The next day the defendant appeared by attorney in the Nevada action and filed his answer. On May 9, in New York, the defendant executed a new separation agreement which provided, in part, for the following payments to the plaintiff: $35,000 within two weeks of the effective date of the agreement, $50,000 within six months from the death of the defendant’s father, and an additional $25,000 within two years of such death. The new agreement further provided (1) that it would be effective only in the event a decree of divorce was granted containing approval of the agreement, (2) that it would survive the decree and (3) that the agreement would be governed by the Laws of New York. On May 11, 1953, four days after institution of her action, plaintiff executed the new separation agreement in Nevada, and on the same day she filed a reply which alleged that subsequent to the commencement of the action the parties entered into an agreement compromising and settling all matters pertaining to support and property rights. Later that same day, the court in Nevada heard the plaintiff’s proof, made and entered findings of fact and conclusions of law and granted the plaintiff an absolute, divorce. The Nevada decree *742 provided that the separation agreement dated May 9, 1953 should be “ approved, ratified, confirmed and adopted by this Court in all respects and with the same force and effect as if said agreement were annexed thereto and set out in full as part thereof, and all matters pertaining to the support and maintenance of the plaintiff, and concerning the property rights of the parties, relating to the custody, support, maintenance and education of the child, be, and the same hereby are settled and decreed as provided in said agreement; and that the plaintiff and the defendant, be, and they hereby are, directed and ordered to comply with all the terms and conditions of said agreement; that judgment, be, and the same hereby is, rendered in favor of the plaintiff and against the defendant in accordance with the terms and provisions of said agreement in and of itself and is not merged in this decree.”
The defendant complied with the provisions of the Nevada decree until he failed to make the payments due on September 1, 1958, or any subsequent payments, except that he had earlier refused to make the payment of $50,000 which was due six months after the death of defendant’s father on November 25, 1957.
The facts at bar raise no issue with respect to the estoppel of the Nevada decree (and the defendant, having married twice thereafter, obviously does not choose to do so). “ The Full Faith and Credit Clause is not to be applied, accordion-like, to accommodate our personal predilections * * *. It ordered submission by one State even to hostile policies reflected in the judgment of another State, because the practical operation of the federal system * * * demanded it.” (Estin v. Estin, 334 U. S. 541, 545-546.)
Where, as here, the Nevada decree was granted on the appearance of both parties, the public policy of this State does not bar recognition to the decree and to the separation agreement approved therein. “It is no part of the public policy of this State to refuse recognition to divorce decrees of foreign states when rendered on the appearance of both parties, even when the parties go from this State to the foreign State for the purpose of obtaining the decree and do obtain it on grounds not recognized here. (Glaser v. Glaser [276 N. Y. 296], supra, p. 302.) Nor is it our public policy to refuse enforcement to a separation agreement incorporated into such a foreign divorce. (Hess v. Hess, 276 N. Y. 486.) ” (Matter of Rhinelander, 290 N. Y. 31, 36-37.)
The crucial question on this application — whether the estoppel of the Nevada decree extends to the separation agreement *743 incorporated therein — was resolved in Hoyt v. Hoyt (265 App. Div. 223, motion for leave to appeal denied 290 N. Y. 931). There, the Appellate Division of this department held that the estoppel of the judgment precludes a collateral attack upon the agreement and said (pp. 224-225): “ We think that the Nevada decree, which approved and made the agreement a part thereof, estops defendant from attacking the agreement. (Fales v. Fales, 160 Misc. 799; affd. 250 App. Div. 751; Goldberg v. Mayer, 243 App. Div. 477; affd., 270 N. Y. 660; Frost v. Frost, 260 App. Div. 694.) The question of the validity of the contract must be deemed to have been determined by the Nevada court. The estoppel of the judgment extends to any material matter within the issues which was expressly litigated and determined and also to any matter which might have been litigated therein. (Stewart v. Stewart, 198 App. Div. 337; Pray v. Hegeman, 98 N. Y. 351; Frost v. Frost, supra, at p. 697; Dobson v. Pearce, 12 N. Y. 156.) * * * The decree and the separation agreement which it embraces, are binding upon the parties in this State. Neither may be collaterally attacked here. (Hess v. Hess, 276 N. Y. 486; Glaser v. Glaser, 276 N. Y. 296, 301; Guggenheim v. Wahl, 203 N. Y. 390, 397.) The only forum which has jurisdiction to modify, alter or amend the decree is the Nevada court.” Contrary to the contention of the defendant, the agreement approved by the Nevada judgment remains immune from collateral attack even though such agreement survives the judgment and is governed by the laws of this State. (Nichols v. Nichols, 306 N. Y. 490; Rehill v. Rehill, 306 N. Y. 126; Fry v. Fry, 279 App. Div. 122, affd. without opinion 304 N. Y. 889.) Compare Flood v. Thiesing (273 App. Div. 548, affd. 298 N. Y. 700) where the plaintiff specifically requested the Nevada court to make no orders concerning the matters covered by the separation agreement, our courts could not hold as a matter of law that the defendant was estopped from attacking the separation agreement.
Who wars with wedlock, writhes with wounds; and defendant’s relief, if any, may be sought only in the courts of Nevada.
The motion is accordingly granted.
Settle order.