■    ALBERT L. FRIEDMAN, Appellant, v. SHIRLEY B. FRIEDMAN, Respondent. SHIRLEY B. FRIEDMAN, Respondent, v. ALBERT L. FRIEDMAN, Appellant.— HAMM, J. Appeals in two actions between husband and wife. In both actions the husband is the appellant. The first action was brought by the husband to declare a separation agreement void on the ground that it was entered into for the purpose of obtaining a divorce contrary to the public policy of the State of New York and on other grounds, none of which latter grounds is raised on this appeal. The husband's appeal in this first action is from an order and from a judgment entered on the order dismissing his complaint. In the second action the wife, in a cause of action on the separation agreement mentioned and in a cause of action on an Alabama divorce decree embodying the separation agreement, was granted partial summary judgment for past-due support payments and for other relief in accordance with the agreement. The husband appeals from the order granting partial summary judgment and the judgment entered on it, again raising only the issue that the separation agreement was void as contrary to public policy. The wife obtained an Alabama divorce decree on the personal appearance of the husband. The decree provided: "It is further ordered, adjudged and decreed that the separation agreement heretofore entered into between the parties dated February 9, 1963, togther with the provisions contained therein, be, and the same is hereby confirmed and incorporated in this Decree of Divorce by reference and shall survive and not merge herein and the parties hereto are ordered to strictly abide thereby." The husband relies on *Viles* v. *Viles* (14 N Y 2d 365, 367) in which an action was brought by a former wife to recover arrears due under a separation agreement which had a direct tendency "'to alter or dissolve the marriage'" and which had not been incorporated in the Virgin Island's decree of divorce obtained by the wife. In the instant cases the separation agreement is incorporated in the Alabama decree and is hence immunized from collateral attack as to its validity and is enforcible in the courts of this State (*Temple* v. *Liebmann*, 17 Misc 2d 740, affd. 9 A D 2d 664, mot. for lv. to app. den. 10 A D 2d 911, app. dsmd. 7 N Y 2d 1049; *Fink* v. *Goldblatt*, 13 N Y 2d 957; *Rehill* v. *Rehill*, 306 N. Y. 126, 135). Orders and judgments affirmed, with costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.